(Decided 28th June, 1869.)

---

N. C. STEPHENS and P. W. CRAIN, Assignees in bankruptcy of THOMAS F. BOWIE *vs.* C. C. MAGRUDER, Trustee for the sale of the Real Estate of JOHN BROOKES.

*Code, Art.* 16 *sec.* 131—*Practice in Equity—Remedy by resale against Defaulting purchaser at a Trustee's Sale.*

By a decree in equity A was appointed trustee to sell land, and sold the same to B, who complied with the terms of sale as set forth in the trustee's advertisement, by paying one-fifth of the purchase-money in cash, and giving his bonds with approved security for the balance, payable in one, two and three years respectively from the day of sale. B failed to pay the bonds at their maturity. On petition filed in the original cause by A for a resale of the property at the risk of B, HELD :

Stephens and Crain, assignees *vs.* Magruder, trustee.

1st. That B, upon the execution of the bonds and their approval by the trustee, had not fully complied with *all the terms* of the decree, and the decree was still operative to enforce the payment of the credit instalments.

2d. That if he failed to pay the balance of the purchase-money at the time or times required by the decree, he was just as much in default, and within the express provisions of the Code, Art. 16, sec. 131, as if he had failed to execute the bonds.

3d. That the proceeding by petition in the original cause, instead of an original bill for a resale was proper.

4th. That upon the resale, after payment of the purchase-money due under the previous sale, and interest, and the costs incident to the resale, the surplus, if any, would belong to B.

5th. That the fact that B had filed a bill in the nature of a bill *quia timet* in order to prevent his creditors from selling his property in detail to satisfy their demands, could not deprive the Court of jurisdiction expressly conferred by the Code, nor compel the trustee and *cestuis que trust* to await the protracted delay incident to the proceedings under that bill.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The appellee in this case was appointed trustee, under certain proceedings in equity, to sell the real estate of John Brookes, and sold a portion of the same to Thomas F. Bowie. The advertisement of sale stated the terms as prescribed by the decree to be one-fifth cash, and the balance of the purchase-money to be paid in three equal instalments, in one, two, and three years from the day of sale, with interest from the day of sale, the credit payments to be secured by the bonds of the purchaser, with securities, to be approved by the trustee. The sale was reported to and ratified by the Court, and the purchaser complied with the terms of sale, by making the cash payment, and giving his bonds for the credit payments, with sureties, approved by the trustee. Having failed to pay these bonds at their maturity, the trustee brought suit, and obtained judgments upon them, and issued executions upon the judg-

ments. The trustee subsequently filed his petition in the original cause, stating the failure of the purchaser to pay the bonds given by him for the purchase-money, and asking for an order of resale. The purchaser in his answer to this petition, among other objections stated, that prior to the filing of said petition, on a bill filed in said Court, the trustee, in reference to the judgments aforesaid, had been expressly enjoined, together with all other judgment creditors of the respondent, from proceeding to sell any portion of his real estate in segregated parcels; but that all his real estate should be fully marshalled in said Court, under a decree to be passed therein. That the said trustee was a party to the bill for said injunction, and by his answer to the same had submitted that a decree should pass in that form; and that the passage of the summary order now invoked by said trustee would be a virtual dissolution of said injunction, and in direct conflict with the jurisdiction which said Court had assumed in the premises. The Court subsequently, after a hearing of the cause on petition and answer, passed an order directing " that the real estate in the petition mentioned, be sold for the payment of the purchase-money due thereon, with interest as aforesaid, and the costs of the proceedings, by the said trustee, in the manner directed by the original decree, for cash, to be paid on the day of sale, or on the ratification thereof by the Court, and that the said sale be at the risk of the aforesaid Thomas F. Bowie," &c.

From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, BRENT and ROBINSON, J.

*Thomas F. Bowie,* for the appellants.

By making the cash payment, and giving approved bonds for the residue of the purchase-money, the purchaser had complied with the terms of sale, and the trustee

had no claim to this form of redress. *Richardson vs. Jones*, 3 *G. & J.*, 163; *Hayden vs. Stewart*, 4 *Md. Ch. Dec.*, 280.

After what had taken place in the proceedings in equity, on the creditor's bill, referred to in the record in this cause, no such order could have been passed at the instance of a creditor who was a party to that bill.

It is believed to be a familiar principle of equity, that where jurisdiction is once rightfully asserted by a Court of Equity, over parties and subject-matter, in such a way as will lead to a settlement of all questions which may arise out of the subject-matter in controversy, it will retain jurisdiction for all purposes, and exclude all jurisdiction over it by other Courts, for similar purposes. *Keighler vs. Ward*, 8 *Md.*, 254; *Same case*, 4 *Md. Ch. Dec.*, 87; *Kiddall vs. Trimble*, 1 *Md. Ch. Dec.*, 143; *Dunnock vs. Dunnock*, 3 *Md. Ch. Dec.*, 140; *Brooks vs. Delaplaine*, 1 *Md. Ch. Dec.*, 351; *Snyder vs. Snyder*, 1 *Md. Ch. Dec.*, 295; *Winn & Ross vs. Albert and Wife*, 2 *Md. Ch. Dec.*, 42.

A party will not be allowed to prosecute the same claim in two Courts, covering one portion of it at law, and one in equity. *Hall & Gill vs. Clagett*, 2 *Md. Ch. Dec.*, 151.

*Alexander Randall*, for the appellee.

The decree of the Court below ought to be affirmed, because the 131st section of the 16th Article of the Code expressly authorizes such a decree. *Richardson vs. Jones*, 3 *G. & J.*, 163; *Ridgely vs. Iglehart*, 6 *G. & J.*, 49; *Act of* 1841, *ch.* 216; *Farmers' Bank vs. Martin*, 7 *Md.*, 345; *Gibson vs. Finley*, 4 *Md. Ch. Dec.*, 75; *Barroll's Ch. Pr.*, 392.

ROBINSON, J., delivered the opinion of the Court.

The 131st sect. of Art. 16 of the Code, provides that,

"The Court shall have full power and authority, on the application by bill or petition of the trustee appointed by said Court to sell real estate, to compel the purchaser

thereof to comply with all or any of the terms of sale, by process of attachment or other execution suited to the case ; or the said Court upon such application may direct the property purchased to be resold at the risk of the purchaser, upon such terms as the Court may direct."

In this case the appellant, Thomas F. Bowie, was a purchaser under a decree of a Court of Equity, and having made the cash payment, gave to the trustee his bond with approved security, for the payment of the balance of the purchase-money. The question is, whether upon default in meeting the credit payments as they became due, the Court can upon petition by the trustee, order a resale of the property at the risk of the purchaser.

Now, it will be observed, that "*full power and authority*" is conferred upon the Court by the Code, to compel the purchaser "*to comply with all or any of the terms of sale,*" by process of attachment or other execution suited to the case, or upon application to direct the property to be resold, &c.

What were the terms of sale in the case before us? They are prescribed by the decree as follows:

"One-fifth of the purchase-money to be paid on the day of sale, or on the day of the ratification thereof by the Court, and the balance to be paid in three equal instalments, in one, two and three years from the day of sale, the whole to bear interest from the day of sale, and the payment thereof to be secured by the bonds of the purchasers with securities to be approved of by the trustee."

We see, therefore, that by the very *terms of sale*, the purchaser is required to pay the balance of the purchase-money in three equal instalments, to secure the payment of which it is further directed that he shall give bond to be approved by the trustee. But it is an error to suppose that upon the execution and approval of the bond by the trustee, the purchaser has fully complied with *all of the terms of sale*, and that the decree no longer operates to en-

force the payment of the credit instalments.    On the contrary, if he fails to pay the balance of the purchase-money at the time or times required by the decree, he is just as much in default, and within the express provisions of this section of the Code, as if he had failed to execute his bond. We are at a loss to imagine why a purchaser for ready money is to be subject to this summary process, whilst a purchaser on time, who equally fails to comply with the terms of sale required by the decree, is to be exempt.    The decree, it is true, directs that the purchaser shall give bond, but it is equally imperative, that he shall also pay the purchase-money at the time or times therein specified.

Whatever doubts, therefore, may have been entertained · in regard to this question, growing out of the decision in *Richardson vs. Jones*, 3 *G. & J.*, 164, they are in our opinion entirely removed by the explicit provisions of the Code.

Nor do we apprehend any of the mischievous consequences which the appellant Bowie seems to think are to flow from this construction.    It is conceded that a vendor's lien exists for the unpaid purchase-money, and for the payment of which the property is liable to be sold upon an original bill in conformity with the provisions of sec. 130.

Now where is the necessity in this case for an original bill?

Are not the parties already in Court; the trustee, the purchaser, and those interested in the proceeds of sale? The petition is filed in the original cause; reference is had from time to time to the previous proceedings, and the whole action of the Court is to be found in a single record. Whereas a formal bill commences a new suit, and makes it necessary to incorporate the original record at great expense.    In the case of an *ordinary vendor* seeking to enforce his specific lien, an original bill is necessary, because the parties are not before the Court.

No injury can result to the purchaser, of which he has

justly a right to complain, by subjecting him to this summary process of the Court. The petition is served upon him, and ample time allowed to make his defence. If it becomes necessary to resell the property, the fault lies at his door by not complying with the terms of sale. After the payment of the purchase-money and interest and costs incident to a resale, the surplus, if any, would of course belong to the purchaser.

The fact that the appellant had filed a bill in the Circuit Court, in the nature of a " *quia timet,*" in order to prevent his creditors from selling his property in detail to satisfy their demands, could not deprive the Court of jurisdiction expressly conferred by the Code, nor compel the trustee and *cestuis que trust* to await the protracted delay incident to the proceedings under that bill.

For these reasons the decree will be affirmed.

*Decree affirmed.*

(Decided 28th June, 1869.)