No. 9498.

STOUT v. McPHEETERS.

EJECTMENT.—*Proof.—Variance.*—Where, in a suit for the possession of lands, the complaint avers that the plaintiff is seized in fee simple, he can not recover on proof of an equitable title merely.

SAME.—*Special Finding.—Commissioner's Sale.*—Where in such case the court finds specially that the plaintiff bought the land at a sale made by a commissioner appointed by a court, and that such sale was reported to and confirmed by the court, and there is no finding that a conveyance was made by such commissioner, the defendant should have judgment.

JUDICIAL SALE.—*Conveyance.—Title.*—Until there is a conveyance under a judicial sale of lands, the legal title does not vest in the purchaser.

From the Monroe Circuit Court.

*J. R. East, J. H. Louden* and *R. W. Miers,* for appellant.

*W. C. L. Taylor,* for appellee.

MORRIS, C.—The appellee brought this action against the appellant to recover the possession of certain real estate, situate in Monroe county, Indiana. The appellee alleges in his complaint that he is the owner in fee simple and entitled to the possession of the real estate described, and that the appellant holds, and for the last nine months has held, possession of the same without right. Judgment for the possession of the land and for damages for its detention is demanded.

The appellant answered the complaint by a general denial. The cause was submitted to the court for trial, and, upon the request of the appellant, the court found the facts specially and stated its conclusion of law arising thereon. The appellant excepted to the conclusion of law. He then moved the court for judgment upon the special findings of fact. This motion was overruled. He also moved for a new trial, which motion was overruled, and judgment rendered in favor of the appellee.

Errors are assigned as follows:

1. That the court erred in its conclusion of law.

2. In overruling the appellant's motion for judgment upon the special findings.

3. In overruling the appellant's motion for a new trial.

The special findings of the court are as follows:

"The court finds that, on the 17th day of August, 1877, Paris C. Dunning, Samuel H. Buskirk, John W. Buskirk, Jeremiah F. Pittman and Henry W. Gilmore filed their complaint in the Monroe Circuit court, making defendants thereto Robert A. Stout, James M. Stout, Thomas J. Stout, Florence Stout, Charles Stout, William Stout, James B. Stout, Lucy Stout and Alonzo Stout; that the complaint averred that the plaintiffs and Robert A. Stout, James M. Stout, Thomas J. Stout and Florence Stout were the owners in fee simple, as tenants in common, of the following described real estate, situate in Monroe county, State of Indiana: A part of the

.southeast quarter of section 19, town 9 north, of range 1 west, beginning at a stake at the southeast corner of said section, running thence west 160 poles to the southwest corner of said quarter section, to a stone; thence north 108 poles, 7 links, to a stone; thence east 160 poles, to a stone; thence south 107 poles and 7 links, to the place of beginning. The complaint also alleged that the respective interests of the parties are as follows: Robert A. Stout, James M. Stout, Thomas J. Stout and Florence Stout, each $\frac{1}{16}$; Paris C. Dunning, $\frac{5}{36}$; Samuel H. Buskirk, $\frac{3}{48}$; John W. Buskirk, $\frac{1}{48}$, and Jeremiah F. Pittman and Henry M. Gilmore, each $\frac{1}{18}$; that the defendants, Charles Stout, William B. Stout, Lucy Stout, James B. Stout and Alonzo Stout, were made defendants in said action by amendment; that they were setting up an unfounded claim to said real estate.

"The prayer of the complaint was that, as said lands were indivisible, a commissioner might be appointed to sell said real estate, and that the title might be quieted against the unfounded claim of Charles Stout, William B. Stout, James B. Stout, Lucy Stout and Alonzo Stout.

"Four of said defendants being minors, to wit: James M. Stout, Florence Stout, Alonzo Stout and Thomas J. Stout, Robert W. Miers, an attorney of the court, was appointed guardian *ad litem* for them, the summons issued, showing by the return of the sheriff endorsed thereon, that said minors had been duly served with process more than ten days before the term. All the other defendants appeared and filed their answer. James B. Stout filed a separate answer and cross complaint, to both of which demurrers were sustained, and he excepted.

"The case, having been put at issue, was tried by the court, on the 19th day of January, 1878, resulting in a finding by the court that the parties, alleged in said complaint to be the owners of said land, were the owners thereof, and of the respective shares in said complaint set out; that a sale was ordered to be made at public auction, by Andrew J. Axtell,

who was by the court appointed a commissioner to make said
sale. The court also made a decree quieting the title of the
parties against the claim of Charles Stout, William B. Stout,
James B. Stout, Lucy Stout and Alonzo Stout; that, at said
term, the said Axtell qualified and gave the bond required of
him as said commissioner; that afterwards, at the May term
of said court, 1878, and on the 23d day of May, 1878, said
commissioner filed an appraisement and a report of sale, made
by him as such commissioner, of said real estate, to Joseph G.
McPheeters, the plaintiff herein, for the sum of $1,050, said
report showing that said sale was made pursuant to the order
of the court, at public sale, after giving the notice required by
said order, and that said sale took place on the 11th of April,
1878, and that said McPheeters had fully complied with the
terms of said sale; that, upon the filing and making said report
of sale, such proceedings were thereupon had, that said sale so
reported was, by the judgment, order and decree of said court,
on said 23d day of May, 1878, approved and confirmed.

"The court further finds that, at the time and place of said
sale, verbal notice was given to all persons bidding that the
said James B. Stout claimed an interest in said real estate,
and would dispute the title of any one who would buy said
real estate at such sale.

"The court further finds, that the said James B. Stout did
procure a transcript of the record of the proceedings had in
said cause, and filed the same in the Supreme Court of the
State of Indiana, for the purpose of appealing said cause to
said court, but that no bond was filed in such appeal nor was
any supersedeas obtained.

"And the court further finds, that on the 1st day of May,
1878, Jeremiah F. Pittman assigned in writing, upon the
margin of the order book of said court, on the page whereon
the judgment and decree of said court were entered, his in-
terest therein to the plaintiff, which assignment is in these
words and figures: 'For value received, I hereby assign and
transfer to Joseph G. McPheeters all my right, title and in-

terest in this judgment and decree, and hereby order the clerk
to pay the same to the said McPheeters.

"'May 1st, 1878.                    JERRY F. PITTMAN.

"'Attest: WILLIAM F. BROWNING, Clerk.'

"And the court further finds, that the rental value of said real
estate, since the sale thereof made in April, 1878, is $150.

"From which facts the court finds, as a conclusion of law, that
the plaintiff is entitled to the possession of said real estate."

The appellant insists that the appellee can not recover upon
his complaint, without establishing a title in fee to the real
estate described therein; that as he alleges a title in fee he
can not recover upon a mere equitable title. In support of
this, the appellant refers us to *Stehman* v. *Crull*, 26 Ind. 436;
*Rowe* v. *Beckett*, 30 Ind. 154; *Groves* v. *Marks*, 32 Ind. 319.
These cases fully sustain the position of the appellant. In
the latter case the court says: "We gave this question a care-
ful consideration in *Rowe* v. *Beckett*, 30 Ind. 154, and the
conclusion then arrived at is entirely satisfactory to our
minds. In an action, under the code, for the 'recovery of real
property,' on a complaint averring the *legal* right of the plain-
tiff to the possession, he must recover on a *legal*, and not
an equitable title." We are still satisfied with this conclu-
sion. *Hunt* v. *Campbell*, 83 Ind. 48. It is not seriously
questioned by the appellee, but his counsel insist that the facts
found by the court show, that the legal title was, at the com-
mencement of the suit, in him. As the appellee must re-
cover, if at all, upon the strength of his own title, he was not
entitled to judgment upon the facts found, unless they estab-
lish in him a legal title to the land in controversy.

The court finds that the commissioner appointed in the
partition suit to sell the land had sold the same to the ap-
pellee, and that the sale had been approved by the court. But
the terms of the sale—whether for cash down or upon credit—
are not found. Nor is it found that the purchase-money had
been paid, nor that the land had been conveyed to the appel-
lee. It must, therefore, be taken as true, that the purchase-

money had not been paid and that no deed for the land had been made to the appellee. It follows that, upon the facts found, the appellee had but a mere equitable title to the land in controversy; that he had not the legal title to it, nor the legal right to its possession. Until the title, by the commissioner's deed, becomes vested in the purchaser, it remains in the original owners. Neither the sale nor its confirmation by the court passes the title to the purchaser. The sale is not perfected until the confirmation and the delivery of the deed. Rorer Judicial Sales, 1st ed., section 357; *Macy* v. *Raymond,* 9 Pick. 285; *Kœhler* v. *Ball,* 2 Kan. 160; Daniels Ch. 1474.

Freeman Void Judicial Sales, section 43, says: "A conveyance is necessary to invest the purchaser, at an execution, chancery or probate sale, with the legal title." *Doe* v. *Hardy,* 52 Ala. 291; *VanAlstine* v. *Wimple,* 5 Cow. 162.

We conclude that, upon the facts found, the appellee was not entitled to recover, and that the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee, with leave to the parties to amend their pleadings.