The refusal of the receiver to transfer to the appellant the thirty-six shares of the stock of the Atlantic National Bank, held by the Continental Life Insurance Company, purchased by him at the receiver's sale, unless the purchaser would consent to the reservation of any claim which the company or the receiver, as stockholders, had against the officers of the bank, or other persons, imposed upon the purchaser the necessity of resorting to the court for relief. The plaintiff, by making his motion for a direction to the receiver, stands in the position of asking the court to approve the sale, and it was competent for the court to grant or deny the motion, as should appear to be just upon a consideration of all the circumstances.
The facts presented upon the motion show that the receiver in making the sale acted in ignorance of a material fact known to the purchaser affecting the value of the stock. This fact was, that certain directors of the Atlantic Bank in an action brought by certain stockholders of the bank in behalf of themselves and the other stockholders, had been adjudged, by reason of their misconduct as such directors to be liable to the stockholders for the market value of the stock April 23, 1873, *Page 203 
immediately before the failure of the bank, and for the amount paid by them respectively upon an assessment made by the comptroller of the currency, and that under the interlocutory judgment in the stockholders' action, the Continental Life Insurance Company or its receiver, was entitled to be made a party to the action and prove its claim and have judgment therefor against the directors. An assessment had been paid on account of this stock, of one hundred per cent. By the interlocutory judgment the receiver in the absence of any special defense, was entitled, on becoming a party to the stockholders' action, to a judgment against the delinquent directors for the amount of $2,700 paid on the assessment, with interest from the time of payment, and also for the market value of the stock at the time stated, with interest.
This large claim, which, so far as appears, was collectible, in case the judgment against the directors should be finally affirmed, was wholly unknown to the receiver when the sale in question was made. The stock was put up for sale and the appellant became the purchaser for the sum of $107 or thereabouts, and he now insists that the claim against the directors, under the judgment in the stockholders' action passed to him as incident to the sale, and that the court is bound to direct the receiver to carry out the sale by a transfer of the stock. Assuming as the appellant contends, that a transfer of the shares would operate as a transfer of the claim, we are of opinion that the court properly refused to grant the motion. There was doubtless a complete executory contract in form for the transfer of the shares. But the contract while executory was subject to the supervisory power of the court. The court could, in the exercise of a just discretion, sanction or disapprove it, and the purchaser must be deemed to have purchased subject to this implied condition. The purchaser by invoking the power of the court, submitted himself to its jurisdiction and in deciding the question presented, the court was not bound to grant the motion if in its judgment the contract was inequitable, although there was no technical legal duty resting upon the purchaser to disclose his information in respect *Page 204 
to the judgment, or although the receiver may have omitted to exercise that diligence which a prudent and careful officer ought to have done. The court in dealing with the question presented was acting in respect to the administration of a trust by one of its own officers. The receiver in making the sale acted under a misapprehension of the facts. The petitioner has acquired no fixed right to have the sale completed, and under the circumstances it seems more just that he should lose his bargain than that the trust estate should sustain the loss which may result from compelling the receiver to transfer the shares. We think the court properly refused to enforce the contract of sale and that the motion was properly demied.
The order should be affirmed, with costs.
All concur.
Order affirmed.