Filed Nov. 19, 1885.

---

No. 11,794.

## ROUT v. KING ET AL.

PARTITION.—Sale by Commissioner.—Rights of Surety.—Parties.—Re-Sale.—
One who is surety for the payment of purchase-money, upon a sale of real estate by a commissioner in partition, becomes a party to the proceeding, as also does the purchaser, and, upon the failure of the latter to pay, the surety may petition for, and the court in the exercise of its chancery powers may grant, a re-sale of the property.

From the Adams Circuit Court.

J. S. Dailey, L. Mock, J. W. Headington, J. J. M. LaFollette and E. G. Coverdale, for appellant.

R. S. Peterson, E. A. Huffman, J. T. France, W. J. Vesey and J. T. Merryman, for appellees.

MITCHELL, C. J.—It appears from the record in this case that certain real estate in Adams county had been sold by a commissioner appointed by the court for that purpose, in a partition proceeding.

John W. Rout, the appellant, bid the land off at forty-five hundred dollars. Three thousand dollars of the purchase-price was paid in cash, and for the residue the purchaser gave

his note, payable to the commissioner, with one King as surety. A certificate of purchase was thereupon issued to Rout, reciting that upon confirmation of the sale, and full payment of the purchase-price, he would be entitled to a deed. The sale was reported to and confirmed by the court, and the money paid was distributed to the persons entitled to receive it.

When the note for the deferred payment matured, the purchaser neglected to make payment, and the commissioner, without the order of the court, sued the makers of the note, and recovered judgment against the one as principal and the other as surety.

The purchaser, who it is alleged was insolvent, assigned the certificate of purchase to his wife. This, it was charged, was done for the purpose of defrauding the surety. The judgment remaining unpaid, King and the commissioner, each by separate petitions, in which the facts were stated at length, applied to the court for an order that the commissioner should re-sell the land. The purchaser, having been duly notified, appeared and resisted the applications thus made. After overruling separate demurrers to the several petitions, upon an issue made, the court ordered that in default of payment of the unpaid purchase-money at the end of ninety days, the commissioner should advertise and re-sell the land. It was ordered that out of the proceeds the judgment previously taken against the purchaser and his surety should be first paid, and that the residue should be brought into court to abide its further order.

From this order the purchaser has appealed, and the errors assigned bring into question the power of the court to order a re-sale on the facts stated in the several petitions.

The contention of the appellant is that King, who was surety for the purchaser, had no such relation to the case as entitled him to intervene by petition, and that as the commissioner might have proceeded to collect the money from the surety, or by a foreclosure of the vendor's lien and sale of

the land, his petition to re-sell should not have been entertained.

In respect to both positions taken we think he is in error. Prior to the code of 1852 in this State, as in England, tenants in common might have been compelled to make partition by writ at common law, or by proceedings in equity. The usual and most appropriate mode, however, was by a resort to the courts of equity. *Lease* v. *Carr*, 5 Blackf. 353; *Foust* v. *Moorman*, 2 Ind. 17; *Cox* v. *Matthews*, 17 Ind. 367.

Since the code of 1852 went into force, the distinction in pleading and practice in actions at law and suits in equity, except as to the right of trial by jury in cases which formerly were of exclusive equitable cognizance, no longer exists.

The result is that the jurisdiction formerly exercised by common law courts, and courts of equity, is now combined in the courts having jurisdiction of proceedings in partition. In the exercise of its chancery powers, the court may settle both the legal and equitable rights of all the parties to the record; both are equally within its cognizance and protecting power. *Martindale* v. *Alexander*, 26 Ind. 104; *Milligan* v. *Poole*, 35 Ind. 64; *Applegate* v. *Edwards*, 45 Ind. 329; *Ferris* v. *Reed*, 87 Ind. 123; *Elrod* v. *Keller*, 89 Ind. 382.

As the court in which this proceeding was pending had power to exercise chancery jurisdiction, it results that both the purchaser and his surety were subject to its control and protection. In 2 Daniell Ch. Pr. 1061 n., it is said: "Purchasers, under decrees in chancery, are regarded to a certain extent as parties to the suit, so as to be under the control of the court on the one hand, and its protection on the other. Thus, a purchaser under an order or decree in chancery may be compelled to complete his purchase by order on him in a summary way, without a bill, to pay or bring the money into court." *Mosby* v. *Hunt*, 9 Heisk. 675.

In the case of *Wood* v. *Mann*, 3 Sumner, 318, it was said by STORY, J., that the purchaser under a decree in chancery as well as his surety on a bond given to secure the deferred pay-

ments of purchase-money, become parties to the proceedings. The learned judge said further : " The difficulty of the whole argument consists in treating the surety as a stranger to the proceedings; whereas he is in fact a party to the proceedings under the sale, and has agreed to become so, as far as the payment of the purchase-money is concerned. It appears to me, that the predicament of a surety is not in the slightest degree distinguishable from that of a purchaser, or of any other person, who makes himself by his own undertaking a party to any of the proceedings of a court of equity." *In re Attorney General* v. *Continental Life Ins. Co.,* 94 N. Y. 199 ; *Dunham* v. *Minard,* 4 Paige, 441.

As King, by becoming surety for the purchase-money, became also a party to the proceedings in this case, he occupied such relation to it as that he could with propriety invoke the aid of the court for his protection.

The inquiry then remains, was it within the power of the court to order a re-sale of the property ? That it was seems to be abundantly settled both on principle and upon authority.

Sales in cases of this kind are made in pursuance of the order or decree of the court. The commissioner appointed is nothing more than the instrument through whom the sale is accomplished; the order of the court is made effectual through his instrumentality. The transaction is, nevertheless, through the commissioner, with the court.

The securities given for deferred payments are, in effect, given to the court, and the right to make the securities effectual is enforceable by all the comprehensive powers of the chancellor. It could hardly be maintained that a chancellor, having in the course of a proceeding become possessed of a security for the performance of an order, duly made, would be obliged to resort to a common law, or other court, to make the security available. In such a case it was said, in *Wood* v. *Mann, supra,* " The appropriate remedy is merely a re-sale of the property."

Section 1202, R. S. 1881, provides that " Whenever it shall

appear to the court that the purchase-money for the land sold has been duly paid, the court shall order such commissioner or some other person to execute conveyances to the purchasers," etc.

In this manner the court retains the title under its control as a security for the payment of the purchase-money. Since the purchaser becomes a party to the proceedings, and the court is invested with the power to enforce by a re-sale the security which the law requires it to retain, there would be neither necessity for, nor propriety in, a resort to any other proceeding than that which is pending before it, and to which all interested are parties.

In the case of *Long* v. *Weller*, 29 Grat. 347, the court say : " In judicial sales the court in some sense is regarded as the vendor, making sale by a commissioner as its agent, and the contract is treated as a contract substantially between the purchaser on one side and the court as vendor on the other. Where the title is retained, the proceeding for re-sale, whether by bill or in the more summary way, by rule, is a proceeding substantially by the court."

That a re-sale is the usual course of procedure, is maintained by the following, among other cases : *Stephens* v. *Magruder*, 31 Md. 168 ; *Warfield* v. *Dorsey*, 39 Md. 299 ; *Munson* v. *Payne*, 9 Heisk. 672 ; *Mosby* v. *Hunt, supra; Long* v. *Weller, supra; Thornton* v. *Fairfax*, 29 Grat. 669 ; *Anderson* v. *Foulke*, 2 Har. & G. 346 ; *Pettillo, Ex Parte*, 80 N. C. 50.

In the case last cited it was said: " In case the principal has become insolvent, the surety has an equity to require a re-sale, for his reimbursement if he has paid the debt, and for his protection if he has not; and the equity extends to cases where there are reasonable grounds for apprehending the insolvency and consequent loss to the surety. * * * No good reason can be assigned why the court, under such circumstances as would entitle the surety to require a re-sale, may not make the order without coercion alike for the benefit of

those to whom the fund belongs and for the relief of the surety himself."

In the case of *Miller* v. *Collyer*, 36 Barb. 250, the court says: "The remedy against a purchaser who refuses to complete a purchase under a decree or judgment of a court of equity, is by an application to the court to compel him to complete it, or to re-sell the property and hold him liable for the loss and the additional expenses." It was said in that case, "that when a person becomes a purchaser under a decree, he submits himself to the jurisdiction of the court as to all matters connected with the sale or with him in the character of purchaser." *Requa* v. *Rea*, 2 Paige, 339.

The case of *Richardson* v. *Jones*, 3 Gill & J. 163, is pressed upon our attention by the learned counsel for appellant. In the main the doctrine of that case is in harmony with our conclusion here. In so far as it seems to hold that a bond taken by a trustee appointed by the court to sell, in pursuance of its decree, was a contract with the trustee himself, enforceable only in a court of law, we think it is not in accord with the weight of authority.

Of course, there has been no forfeiture of the cash payment made by the purchaser, inasmuch as he is entitled to any surplus which may remain out of the purchase-price which may be realized at the second sale, after paying the amount due from him, with such costs as the court may adjudge against him.

There was no error in the proceedings of the court, and the order made by it is accordingly affirmed, with costs.

Filed Nov. 18, 1885.