In the Matter of Proceedings Supplementary to Execution upon the Application of JAMES R. HALL, Judgment Creditor, under a Judgment Recovered in an Action Entitled JAMES R. HALL *v.* WILLIAM G. KNOTT.

In the Matter of Proceedings Supplementary to Execution upon the Application of V. D. BOZOVSKY, Judgment Creditor, under Judgment Recovered in an Action Entitled V. D. BOZOVSKY *v.* WILLIAM G. KNOTT.

(County Court, Chautauqua County, November, 1910.)

Receivers — Administration and management of the property — Sales by receiver — Compelling performance..

A sale by a receiver in supplementary proceedings of property belonging to the judgment debtor is subject to the supervision of the court appointing him; and where it appears that he has sold property without knowledge of its value in reliance upon statements made by the buyer for an inadequate price the sale should not be confirmed, nor will the receiver be required to carry it out upon the application of the buyer.

MOTION to confirm sale of certain merchandise.

Herman J. Westwood, for plaintiff.

Thomas H. Larkins, for petitioner.

OTTAWAY, J.    This is a motion made by W. Rollin Morse and John Johnson for an order confirming the sale of certain grapes and directing the delivery of the same to the said Morse & Johnson, who claim to have purchased said grapes from Louis G. Monroe, the receiver appointed in the above entitled proceedings.

The affidavits submitted for the consideration of the court show that Louis G. Monroe, by an order of the County Court dated April 16, 1910, was appointed receiver in supplementary proceedings of the property of William G. Knott, the judgment debtor; and by an order dated April 23, 1910, said receivership was extended to include the proceeding made upon the application of V. D. Bozovsky.

It appears that the judgment debtor is the owner of a life interest in a farm of about forty-seven acres situate in the town of Pomfret, Chautauqua county, New York.    Upon said farm were vineyards.    The receiver in discharge of his duties as such and desiring to dispose of the grapes growing on said vineyard made certain investigations as to the crop and its value.    October 6, 1910, the receiver was informed by W. Rollin Morse, one of the moving parties herein, that the grapes growing upon said vineyard were of the value of forty dollars, and received an offer from said Morse for said amount.    Upon the following day the receiver notified the judgment debtor that he had sold the grapes to Morse & Johnson for forty dollars.    At the time of making the sale to Morse & Johnson the said Morse & Johnson paid to the said receiver the sum of forty dollars and took from said receiver the following receipt:

" FREDONIA, N. Y., 10/6/1910.

" Received of Morse & Johnson Forty and No/100 Dollars in full of grapes on farm occupied by Wm. G. Knott.

LOUIS G. MONROE, *receiver.*"

The judgment debtor immediately notified the receiver that the grapes were of a much greater value than forty dollars and protested personally and by attorney against the sale. Whereupon the receiver, upon the tenth day of October, returned to the moving parties herein the sum of forty dollars paid to him for said grapes and sent to them the following letter:

" OCTOBER 10, 1910.

" MESSRS. MORSE & JOHNSON, *Fredonia,* N. Y.:

" GENTLEMEN.— As receiver of the property of Wm. G. Knott, all of my actions are subject to confirmation by the County Court. The grapes which I sold you were from the farm of Mr. Knott and the sale was one made in my official capacity as receiver, and it has come to my notice that the court will not confirm this sale, and I beg to return to you, therefore, the amount of money paid by you for these grapes.

" Yours very truly,

" LOUIS G. MONROE,

*Receiver.*"

Thereupon the receiver proceeded to harvest the grapes upon said vineyard and marketed the same, receiving therefor the sum of $103.37, net, after deducting all expenses of harvesting and marketing. Upon the return of the order to show cause made herein, W. Rollin Morse and John Johnson deposited in court, to abide the event of this application, the sum of $40, being the money returned to them by the receiver herein.

The price agreed upon by the receiver and Morse seems to have been inadequate. The receiver seems to have been uninformed as to the true value of the grapes at the time of his negotiations with Morse. In determining this application it is the duty of the court to take into consideration the interests of the judgment debtor, whose property is being taken by an officer of the court to satisfy the claims of his creditors. Certainly the court should see that proper application is made of the property taken and full value obtained when sold. The contract entered into by the receiver

was subject to the supervisory power. of this court. The sale was not complete and binding, and the purchaser acquired no title to the property until the sale was confirmed by the court. Matter of Attorney-General v. Continental Life Ins. Co., 94 N. Y. 199.

A purchaser is presumed to know that a sale made by a receiver is made upon the condition that the sale may be approved or rejected by the court in its discretion. Knott v. Receiver, 4 N. J. Eq. ,423.

In view of these considerations, the motion to confirm the sale is denied, without costs.

Motion denied, without costs.