## GOWAN v. GREATHOUSE.

[No. 11,174.   Filed March 29, 1922.]

EJECTMENT.—*Partition.*—*Appointment of Commissioner.*—*Action in Ejectment by Owners.*—Where the court in partition proceedings finds that the real estate cannot be divided without damage to the owners, and orders it sold by a commissioner, the commissioner is not vested with the title, so that the mere appointment of such a commissioner, conveyance not having been executed by him, does not prevent the original owners, or one of them to whom the other conveys his interest, from maintaining an action against a third person for possession of the premises.

From Hendricks Circuit Court; *Zimri E. Dougan,* Judge.

Action by Archie Greathouse against Daniel W. Gowan.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*R. S. Bailey* and *David H. Jackson,* for appellant.
*W. E. Henderson,* for appellee.

McMAHAN, J.—Appellee recovered a judgment for the possession of certain real estate.   Appellant's motion for a new trial was overruled, and he appeals.

In 1916, and prior thereto, appellant was the owner of the real estate in controversy.   At the instance and request of appellant, appellee purchased and had assigned to him a judgment against appellant in favor of one Hubbard, and which was a lien upon said real estate.   An execution having been issued to the sheriff upon this judgment, he levied upon and sold the real estate to appellee.   There being no redemption from this sale, the sheriff issued a deed to appellee.   In February, 1918, Sarah Gowan, then the wife of appellant, filed her complaint against both appellant and appellee for partition.   By agreement of the parties a receiver was appointed to take charge of the real estate.

Such further proceedings were had therein as resulted in a decree for partition, and the appointment of a commissioner to sell the real estate, and after payment of costs and a certain mortgage, to distribute the proceeds, one-third to Mrs. Gowan and two-thirds to appellee, it being decreed that appellant had no interest in the real estate. In November, 1919, Mrs. Gowan, described in the deed as "unmarried," with others, executed a deed to appellee for the real estate. On January 12, 1921, the commissioner appointed in the partition proceedings made what is designated as a final report and was discharged. The receiver also filed his final report, which was approved and he was discharged. The evidence is not clear as to when the receiver was appointed, although it appears that he rented the property to appellant for one year, that appellant has been occupying the property since February, 1918, a period of over two years, and paid the rent to the receiver for one year, and has paid no rent to any other person. Appellant testified that he leased the property from the receiver for the period of one year and no longer, and that his lease expired in the summer of 1919.

Appellant makes no claim that he has any interest in the property in question, or that he is entitled to the possession. His contentions are that the commissioner appointed by the court in the action for partition holds the title to the property and is the only person authorized to maintain an action in ejectment. None of the authorities cited by appellant support his contention. This is not a case where title is vested in a trustee by a will or other instrument. Where the court upon the trial in partition proceedings finds that the real estate cannot be divided without damage to the owners, the whole or any part of the real estate may be sold as the court in its discretion may direct. (§1246 Burns 1914, §1189 R. S. 1881.) Such sale (not conveyance) shall

be made by a commissioner to be appointed by the court. (§1256 Burns 1914, Acts 1889 p. 395.) When the lands are sold, "the court shall order such commissioner or some other person, to execute a conveyance to the purchaser, which shall bar all claims of such owners to such lands as effectually as if they had themselves executed the same." (§1259 Burns 1914, Acts 1889 p. 396.) The statute authorizing the court to appoint a commissioner to make the sale makes no pretense of vesting such commissioner with any title to the real estate. His duties are to proceed under and in accordance with the order of the court to sell the property and to report such sale to the court for approval, when the court, if the sale is approved, "shall order such commissioner, or some other person, to execute a conveyance to the purchaser." The sale is a judicial sale and must be reported to the court for its approval, and as said by the court in *Stout* v. *McPheeters* (1882), 84 Ind. 585, 590, "Until the title, by the commissioner's deed, becomes vested in the purchaser, it remains in the original owners."

While the evidence shows that Sarah Gowan was at one time the wife of appellant, it is sufficient to justify the inference that when she executed the deed to appellee she was unmarried. We hold that appellee upon the execution of this deed became the owner of the fee of the whole of the real estate in question, and that he was the proper person to prosecute an action to quiet title.

What we have heretofore said disposes of all questions presented by appellant.

No reversible error being pointed out, the judgment is affirmed.