## BRYAN v. YODER, ET AL.

[No. 28,271. Filed Feb. 26, 1947. Rehearing Denied April 29, 1947.]

*Claude G. Andrews* and *Leroy O. Arnold,* both of Peru, for appellant.

*Rhodes & Rhodes,* of Peru, for appellees.

YOUNG, J.—It appears from the record in this case that prior to 1939, appellee Yoder had leased the land here involved from the heirs of one Clinton Nisbet, who was the owner thereof at the time of his death. While

Mr. Yoder was in possession as a tenant, the heirs instituted partition proceedings and obtained the appointment of a commissioner to sell the land.

This first commissioner accepted an oral bid of $1,850 by appellee Yoder for the land but did not report such sale to the court and such sale was never confirmed, deed was never ordered and payment was never made. It appears that this alleged sale depends upon informal conversations between him and the heirs and the commissioner. It was made in September, 1939. The first commissioner died on October 21, 1940, and a second commissioner (appellee Reyburn), was appointed on November 28, 1940, on the petition of the heirs to sell the land under the original order of sale.

The second commissioner knew nothing of the oral sale or elected to ignore it. He solicited purchasers and in February, 1945, made sale to appellant for $1,500 and the purchase price was .paid. Yoder participated in the bidding. This sale was reported and confirmed by the court and deed was ordered and delivered and recorded. Within 30 days after this sale appellee Yoder had the sale set aside and the proceedings reopened upon representation that he would increase the bid at least 10 per cent and guaranteed this with bond.

At the second sale the appellant and appellee Yoder again entered competitive bidding and on April 12, 1945, appellant again purchased the land, this time for $2,050, but before the second sale could be reported appellee Yoder asserted rights under his oral purchase from the deceased commissioner, and on April 13, 1945, commenced this action by filing a complaint against his co-appellees and appellant, in which he alleged that he had entered into a valid, oral contract with the commissioner appointed by the court in said

partition proceedings to buy said land; that he entered into possession of said real estate under said contract and ever since has been, and is now, in possession of same and has at various times made valuable and lasting improvements thereon; that the said commissioner neglected and failed to report said sale to the court and neglected and failed to execute to him, said Yoder, as such purchaser, a deed of conveyance for said real estate although often requested to do so; that said commissioner thereafter died and appellee Reyburn was appointed as successor commissioner and that said successor commissioner is attempting to sell, and claims to have sold, said real estate to the appellant, and that said appellant is claiming and asserting title by reason of said sale to him by said successor.

After the alleged oral contract between appellee Yoder and the first commissioner had been entered into, and before said alleged sale to appellant by the successor commissioner, the dwelling house upon said real estate burned and appellee Yoder expended $900 in replacing same. This was alleged in the complaint, and plaintiff claimed that he should be allowed credit in the sum of $900 as against the price he agreed to pay by said oral contract with said original commissioner. His prayer was that the court determine the amount of the balance of consideration owing by him for said real estate, which sum he offered to pay, and that the court order the second commissioner to execute to him a proper deed of conveyance for said real estate upon receipt of the amount found due under the alleged original oral contract with said original commissioner, and that his title to said real estate be quieted as against appellant and the co-appellees of said Truman Yoder. In the alternative he asked judgment for the amount expended by him on account of buildings and improve-

ments made by him upon said real estate. Judgment was rendered against Yoder for the full amount he had agreed to pay the deceased commissioner, plus interest, and upon payment of same the successor commissioner was ordered to execute and deliver proper commissioner's deed conveying the real estate to Mr. Yoder.

It appears to us that this action was, in substance, for specific performance of the oral contract between appellee Yoder and the deceased original commissioner. The defendants in the action seem to have so considered it and took the position that the contract between appellee Yoder and the deceased commissioner is within the statute of frauds requiring contracts for sale of real estate to be in writing. Yoder contends that his possession and the making of improvements constituted such partial performance as removed the transaction from the operation of the statute of frauds. Appellant denies this. He points to the fact that Yoder had been a tenant in possession prior to the alleged contract and there is authority for the proposition that remaining in possession by a tenant does not constitute such part performance of a parol contract for the sale of lands as will avoid the statute of frauds. *Swales* v. *Jackson* (1890), 126 Ind. 282, 285, and cases cited, 26 N. E. 62; *Johnston* v. *Glancy* (1835), 4 Blkf. 94, 99.

We are constrained also to consider the fact that Yoder participated in the bidding at two subsequent sales and had one of those sales set aside upon agreement to pay more. It is not necessary, however, for us to determine in this case whether the conduct of appellee Yoder, in participating in later sales and having one of them set aside, estopped him from setting up the earlier alleged oral contract of purchase, or whether his conduct in remaining in possession and making

improvements upon said real estate was sufficient to avoid the force of the statute of frauds if the contract had been otherwise binding, because the alleged oral contract with the deceased commissioner was ineffectual for. failure to report same to the court and have the alleged. sale .confirmed and deed ordered.

Partition of real estate is provided in Indiana by statute. The primary purpose of partition is to divide the property in kind, but where it is found that the land cannot be divided without damage to the owners sale by the commissioner and division of purchase money may be ordered by the court. § 3-2417, Burns' 1946 Replacement. After sale is made it must be reported to the court for confirmation and order that conveyance be made. § 3-2420, Burns' 1946 Replacement.

The duties of a commissioner for sale of land in a partition proceeding are determined by statute and orders of court. He is an instrument or arm of the court, acting for and primarily answerable to the court. *Rout* v. *King* (1885), 103 Ind. 555, 558, 2 N. E. 249; *Huffman* v. *Darling* (1899), 153 Ind. 22, 24, 53 N. E. 939; *Kiefer Drug Co.* v. *DeLay* (1917), 63 Ind. App. 639, 642, 115 N. E. 71. Report to and confirmation by the court is necessary to complete a commissioner's sale in a partition proceeding and without report and confirmation such sale is ineffectual. *Stout* v. *McPheeters* (1882), 84 Ind. 585, 590; *Gowan* v. *Greathouse* (1922), 78 Ind. App. 98, 100, 134 N. E. 898; 47 C. J. 545, § 745, and cases cited in Note 40. A purchaser of land at a partition sale is not entitled to possession until he obtains a deed. *Stout* v. *McPheeters, supra; Deputy* v. *Mooney* (1884), 97 Ind. 463, 464; and he is not entitled to a deed until the purchase money

is paid or secured. *Deputy* v. *Mooney, supra;* § 3-2420, Burns' 1946 Replacement.

The contract which appellee Yoder seeks to have performed was never reported to the court by the commissioner and was never confirmed by the court and; therefore, was not effectual. Also if such unreported sales may be made effective in the manner attempted in this case the door is opened to circumvent the provision of the statute (§ 3-2417, Burns' 1946 Replacement) for reopening sales upon agreement to guarantee a bid higher than the one accepted.

It follows that there was no valid binding contract with the deceased commissioner to be performed and the court's action in substance and effect ordering performance of the ineffectual contract was erroneous.

Appellees filed a motion to dismiss the appeal because of alleged deficiencies in appellant's brief and other reasons which will appear. First it is claimed that appellant in his brief misstates the true nature of the action; that it is not an action to quiet title as stated by appellant but an action in equity for specific performance of an oral contract to purchase real estate. We have adopted appellees' theory of the nature of the action so they have not been harmed by the alleged fault complained of. Even if appellant misconceived the theory of the action and briefed the case upon such misconception it would not be ground for dismissal.

Appellees also claim that appellant failed properly to disclose what the issues were and what the judgment was under proper headings in his brief. The pleadings and the decree are clearly set out in appellant's brief. A good faith effort to comply with the rules in this respect is shown and we have

encountered no difficulty in discovering the issues or the judgment from the brief.

Appellees further contend that appellant has failed to show that he relies on proper error for reversal. Appellant relies upon the overruling of his motion for a new trial as reversible error and appellees contend that where this error is alleged it must be followed by statutory grounds for a new trial. Appellant, in his motion for a new trial, alleged that the *decision* of the court was not sustained by sufficient evidence and was contrary to law. Both of these are statutory grounds for a new trial. § 2-2401, Sixth, Burns' 1946 Replacement. However, in stating the errors relied upon for reversal in his brief, after assigning the overruling of the motion for a new trial as error, appellant alleged that the *judgment* of the court was not sustained by sufficient evidence and was contrary to law. This was a careless failure to carry forward in the words of the statute the proper grounds contained in the motion for a new trial, but we do not think this is fatal in view of the proper designations in the motion for a new trial, the overruling of which was the real error relied upon.

Appellee further complains of the statement of the evidence contained in appellant's brief upon the ground that it is argumentative and inaccurate and that all the evidence is not included. We agree that no effort has been made to set out *all* the evidence, but we think the brief shows a good faith effort to state the substance of the evidence relevant to the questions presented for decision in this court. That is all our rules require. If appellant's statement is inaccurate or not sufficient for a full understanding of the questions for decision the appellee shall make necessary corrections or additions. Rule 2-17(e).

Appellee further complains that appellant's brief does not show that an assignment of errors has ever been filed, and that the index of the record does not point out such assignment of errors. It is true that the brief does not allege affirmatively that an assignment of errors was filed but such assignment of errors is attached to the front of the transcript as required by Rule 2-6, and under the heading "Errors Relied on for Reversal" appellant states that the court erred in overruling appellant's motion for a new trial, which is the error assigned. This was a good faith effort to comply with the pertinent rule of this court. It is clear that error was assigned and the substance of same is made to appear in the brief.

As further grounds for dismissal appellee alleges that there is no judgment against appellant from which he may appeal. He was named a party defendant in a complaint filed by appellee. On his part he filed a cross-complaint and issues were made upon both the complaint and cross-complaint and specific judgment was rendered against appellant upon his cross-complaint and for appellee, Yoder, upon his complaint. He claimed the same property that appellee claimed and the decree entered denies his right and, unless reversed, forever adjudicates same.

Appellee claims, as another reason for dismissal, that appellant was not a necessary party to the action and is not entitled to present the statute of frauds as a defense. As above stated, appellant was named as a defendant in a complaint filed by appellee Yoder and filed a cross-complaint. He had purchased the real estate involved from the second commissioner and had paid the purchase price and received a certificate of sale, and report of such sale and confirmation thereof was held up because of the

claims of appellee. The claims of appellant and appellee, Yoder, were so interrelated and conflicting that each was entitled to present any defense which existed to the other's claims or positions.

We believe that the motion of the appellee to dismiss the appeal should be overruled, and it is so ordered.

The judgment is reversed with instructions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 71 N. E. (2d) 474.