McFALL ET AL. v. FOUTS ET AL.

[No. 20,192. Filed July 7, 1966. Rehearing denied September 8, 1966. Transfer denied November 23, 1966.]

*David R. Baum* and *Mahlon G. Kerlin,* of Delphi, and *Frank E. Spencer,* and *Bowen, Myers, Northam and Givan,* of Indianapolis, for appellant.

*Isaac D. Gregg,* of Thorntown, *Watson C. McCormick,* of Delphi, *Arthur D. Bishop* and *Bishop & Bishop,* of Flora, and *F. L. Wiltrout,* of Elkhart, for appellee.

PRIME, J.—Helen Marie McFall, the appellant herein, and William Jasper Fouts, appellee, owned certain real estate by the entireties prior to their divorce. A separation agreement was entered into whereby the real estate was to be sold and the proceeds divided in accordance with the agreement. Commissioners were appointed for that purpose. The record shows that no action was taken by the commissioners and later on,

after the divorce, an action in partition was filed by Fouts asking that the land be adjudged to be still owned by plaintiff Fouts and defendant, Helen Marie McFall, as tenants-in-common and that the property be sold and the proceeds divided.

The court entered judgment that the parties were tenants-in-common and appointed Watson McCormick and Mahlon Kerlin as commissioners to sell the real estate and divide the proceeds. McCormick was the attorney for the husband and Kerlin was the attorney for the wife.

The land was properly appraised and advertised to be sold at the law office of Kerlin.

Subsequently, McCormick filed his report with the court wherein he stated that he had sold the land to John and Eleanor Hardy for $12,000 and that they had paid 10% down as required. This report was filed on *June 11, 1962,* and set out that on *February 3, 1962,* the sale was properly held and the bid from Hardy and wife accepted by him (McCormick) as commissioner.

The report set out that Mahlon Kerlin, the other commissioner, refused to report the sale to the court or to accept the bid. The report asked that a hearing be held and the sale be approved as reported.

On *September 26, 1962,* Commissioner Kerlin filed his objections to the report of sale and a motion to set aside the same.

On *March 18, 1963,* the court heard the evidence and entered a finding and judgment which overruled the objections of Kerlin and found that the sale as reported by McCormick was in order in all respects and ordered a Commissioner's Deed to be made to the purchasers by McCormick as sole commissioner. The purchase money was tendered in open court and a Commissioner's Deed was delivered. A final report was filed on *March 22, 1963,* and was approved by the court.

A motion for a new trial was filed by the defendants which was overruled and such action is assigned as error.

The grounds in the motion for a new trial are all predicated on the allegation that when the real estate was sold by McCormick as Commissioner, the other commissioner, Kerlin, was out of town and that he later determined that another bid could be obtained which was $300.00 higher. It should be borne in mind that the objection to the sale was made in *September, 1962,* and that the sale was reported to the court in *June, 1962.*

It appears that we are confronted with the task of deciding if the sale was proper and if anyone was harmed by the outcome of the sale made by Commissioner McCormick. Also can one commissioner act in such a case as this, and more importantly, did the court abuse its discretion at any time?

Appellants argue that, there being two commissioners, one alone could not act. In the present case, we are not concerned with quorums of administrative bodies. The sale of land in partition is a "judicial sale." *Gowan* v. *Gratehouse* (1922), 78 Ind. App. 98, 134 N. E. 898.

The commissioner "is an instrument or arm of the court, acting for and primarily answerable to the court." 22 ILE, *Partition,* § 58 *Bryan* v. *Yoder* (1947), 225 Ind. 57, 63, 71 N. E. 2d 474.

The term "judicial sale" is defined "as a sale made under the judgment or order of a court of competent authority by an officer legally appointed and commissioned to sell, the court being the vendor, while the officer appointed to sell is a mere ministerial agent." 30A Am. Jur., *Judicial Sales,* § 2, p. 904, and § 36, p. 928.

While the commissioner acts as an arm of the court, "the transaction is, nevertheless, through the commissioner, with the court." *Rout* v. *King, et al.* (1885), 103 Ind. 555, 558, 3 N. E. 249.

Whenever an appointment is made of an even number of individuals to act on behalf of a court, disagreements between

them might be anticipated. However, the hands of the court are not tied and it can resolve such disagreements. "Confirmation of judicial sales rests largely within the discretion of the trial court, and will not be reviewed except for manifest abuse of such discretion." 30A Am. Jur., *Judicial Sales*, § 122, p. 971 *Bass* v. *McDonald* (1902), 29 Ind. App. 596, 603, 64 N. E. 934.

Appellants argue that the confirmation of the sale was an abuse of judicial discretion and base their argument on an alleged lack of effort to procure competition and secure the best obtainable price. A bid of $300.00 in excess of the reported sale was mentioned. We find no substantial testimony in the record to this effect. The sale was on *February 3, 1962;* was reported by Commissioner McCormick on *June 11, 1962;* Commissioner Kerlin filed his objections over seven months after the sale, and evidence was not heard or the sale confirmed until *March 18, 1963;* which was thirteen months after the sale.

In all the intervening time after the sale, no higher bid was submitted to the court, and the alleged higher bid was not accompanied by any down payment which was required. The prospective purchaser was not called as a witness to testify as to his willingness to pay a higher amount.

It is also significant that neither of the appellants nor appellee appeared and testified. They were the ones most directly affected by the sale of the real estate.

The court was confronted with a situation where, after several months, no firm higher bid had been made. The proposed sale was for more than the appraised value, and it appears from the record that the sale was conducted in good faith and in good order. We can see no substantial evidence of probative value which would lead us to the conclusion that the trial court failed to act in good faith, or that it abused its discretion.

Judgment affirmed.

Carson, Faulconer, and Wickens, JJ., concur.

NOTE.—Reported in 218 N. E. 2d 138.