**PETER C. REILLY TRUST, Peter C. Reilly, Jr., Trustee, Appellant–Plaintiff,**

v.

**ANTHONY WAYNE OIL CORPORATION, Appellee–Defendant.**

No. 49A02–9007–CV–00423.

Court of Appeals of Indiana, Second District.

July 3, 1991.

Rehearing Denied Aug. 16, 1991.

Dean T. Barnhard Klineman, Rose, Wolf and Wallack, Indianapolis, for appellant-plaintiff.

Stephen W. Terry, Jr., Byron K. Mason, Baker & Daniels, Indianapolis, for appellee-defendant.

SHIELDS, Judge.

Peter C. Reilly Trust and Peter C. Reilly, Jr., Trustee, (Trust) appeal the trial court's denial of their motion for summary judgment and the grant of summary judgment in favor of Anthony Wayne Oil Corporation (Wayne).

We affirm.

### ISSUE

Whether the condemnation of all interests in a parcel of real estate effects a transfer of an existing lease by "operation of law" or by judicial sale.

### FACTS

Peter C. Reilly and his wife were fee simple owners of real estate located in downtown Indianapolis. On February 1, 1938 they leased the land to Wayne for ninety-nine (99) years. The lease contained a provision that allowed Trust to terminate the lease if one of several events should occur, including a transfer of the lease by "operation of law" or by judicial sale. Trust is the successor to the interest of the Reillys.

In January, 1987 the City of Indianapolis (City) notified Trust by letter that it wished to appraise the real estate in anticipation of acquiring the property for the Circle Centre Mall Project. Trust forwarded the notice to Wayne along with a letter stating the real property would be appraised and Wayne would be advised. On April 21, 1988 City made an offer to purchase the property. Trust sent Wayne a letter on May 3, 1988 which stated, "as a result of the proposed condemnation of the Land by [City], the Lessor may exercise its option to terminate the lease effective with the taking." Record at 175.

City initiated a condemnation proceeding. However, the proceeding was concluded by an escrow agreement to which Trust and Wayne were parties. City paid $1,315,885 for the real estate; $1,220,625 (92.8%) was allotted to Wayne and $95,260 (7.2%) was allotted to Trust. The parties' agreement anticipated this declaratory judgment action to resolve the relative rights of Trust and Wayne with respect to the proceeds from the City's acquisition of the real estate and provided the suit was to be conducted "as if all interests in the Property had been acquired concurrently in a condemnation proceeding with separate awards...." Record at 207A. Therefore, Trust and Wayne bound themselves to proceed *as if* the condemnation action which had been commenced by the City had run its course and a condemnation award had been made pursuant to trial rather than pursuant to acceptance of the City's offer to purchase. The parties proceeded under the agreement when Trust filed suit on October 13, 1988 seeking Wayne's portion, claiming the condemnation effected a transfer by operation of law or by judicial sale of Wayne's leasehold interest which was then terminated by the May 3, 1988 letter. Both sides moved for summary judgment. The trial court denied Trust's motion and granted summary judgment in favor of Wayne under the assumption the real estate had been acquired by condemnation. In addressing the issues on appeal the parties also assume the real estate was condemned; so do we.

### DISCUSSION AND DECISION

In reviewing a trial court's ruling on a motion for summary judgment we apply

the same standard as the trial court. Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Smith v. Methodist Hospital of Indiana, Inc.* (1991), Ind.App., 569 N.E.2d 743. If the trial court's entry of summary judgment is sustainable on any theory or basis in the record, we will affirm the judgment. *Id.*

Interpretation of a written contract is generally a question of law for the court. It is the court's duty to interpret the contract so as to ascertain the intent of the parties at the time the contract was made as that intent is disclosed by the words used in the agreement to express the parties' respective rights and duties. *First Federal Savings Bank v. Key Markets, Inc.* (1990), Ind., 559 N.E.2d 600. In the absence of an ambiguity the court does not look outside the instrument to ascertain the parties' intent. *McCae Management v. Merchants National Bank and Trust* (1990), Ind.App., 553 N.E.2d 884. The words used in the contract will be given their plain and ordinary meaning. *Tate v. Secura Insurance* (1990), Ind.App., 561 N.E.2d 814. If the contract is ambiguous but the ambiguity is created by reason of the words used, construction of the ambiguous contract is still a matter of law for the court. In such situations, resolution of the dispute by summary judgment is particularly appropriate. However, if the ambiguity arises because of extrinsic facts and a genuine issue exists as to those facts, summary judgment is inappropriate. *McCae.* In that circumstance, construction of the contract is a matter for the factfinder. *Key Markets.*

The core issue of this case is whether the lease entitles Trust to all proceeds from the condemnation of the premises. Trust claims the subject lease contains a provision which allows it to terminate the lease as a result of the condemnation and by that termination preclude Wayne from receiving any part of the condemnation award.

Generally, a tenant is entitled to compensation for an unexpired term of a lease terminated by condemnation. *J.J.*

*Newberry Co. v. City of East Chicago* (1982), Ind.App., 441 N.E.2d 39. However, the parties to a lease may agree to an allocation of a condemnation award and that agreement governs disposition of the award. *State v. Heslar* (1971), 257 Ind. 307, 274 N.E.2d 261. However, courts look with disfavor upon clauses resulting in forfeiture of the lessee's entire interest upon condemnation and, where possible, have construed the provision to avoid the harsh effect of forfeiture. *Pennsylvania Avenue Development Corp. v. One Parcel of Land* (1981), D.C.Cir., 670 F.2d 289; *In re Condemnation by Commonwealth, Department of Transportation* (1978), 38 Pa. Commw. 535, 394 A.2d 657; 2 Nichols, Eminent Domain § 5.06[2] (rev. 3d ed. 1990).

Here, the lease does not contain any provision relative to condemnation. Therefore, Wayne is entitled to compensation for the unexpired term of its lease terminated by City's condemnation of all interests in the leased premises.

Trust claims the following provision addresses the issue of condemnation and allows it to claim the entire condemnation payment:

It is further agreed that if this lease should be sold under execution, or under direction of any court, or by virtue of any judicial sale, or transferred by operation of law, or if the lessee shall make any assignment or conveyance in trust of this lease for any purpose whatever other than a bona fide mortgage or pledge of its leasehold interest to secure a sum no greater than 50 per cent of the cost of any structure or structures which lessee shall, pursuant to this lease, have built [upon the leased premises] in the due course of business, or in event the said leased premises or this lease shall come into the hands of an assignee, receiver, trustee, trustee in bankruptcy, or any public officer, at any time, the Lessor shall be entitled and is hereby expressly authorized and empowered at Lessor's option, to terminate this lease, and take immediate possession of said premises at any time within six months thereafter, and until the Lessor has exercised such

option, Lessor shall have the right to receive the rents provided for in said lease from such assignee, trustee, receiver, trustee in bankruptcy or other public officer, and the same shall not estop the Lessor from afterwards asserting Lessor's option to terminate this Lease.

Record at 242.

Read as a whole, the disputed provision is an anti-assignment/bankruptcy clause designed to protect Trust from having to deal with an unapproved successor tenant through bankruptcy, corporate merger, dissolution or other such voluntary or involuntary transfers. Nevertheless, Trust argues the phrase "transferred by operation of law" as used in the provision includes condemnation. We disagree because a taking by eminent domain of all interests in the entire leased premises for the term of the lease terminates the lease. Hence, there is nothing to transfer. *Pennsylvania Avenue Development Corp. v. One Parcel of Land* (1980), D.D.C., 494 F.Supp. 45; *Carlstrom v. Lyon Van & Storage Co.* (1957), 152 Cal.App.2d 625, 313 P.2d 645; Restatement (Second) of Property § 8.1(1). "This necessarily follows from the concept of a total taking of the fee simple absolute by eminent domain. Such a taking extinguishes the interest of the owner in the estate because it extinguished the res itself." *Pennsylvania Avenue Development Corp.*, 494 F.Supp. at 50. A taking by eminent domain obliterates the lease; there are no remaining rights which can be exercised by either party through reliance on the lease itself. *Carlstrom.*

Trust could not terminate the lease based solely upon the condemnation. Wayne's lease was terminated when all interests in the leased premises were taken by City through eminent domain. Because the lease no longer existed, there was and is no interest to transfer by operation of law or otherwise.

■ Trust also claims condemnation constitutes a judicial sale so as to allow it to retake the premises pursuant to the disputed provision. In making this argument Trust relies upon *State ex rel. McNutt v. Orcutt* (1936), 211 Ind. 523, 199 N.E. 595.

In *McNutt* our supreme court stated, "It is often said that the taking of land under the power of eminent domain is in the nature of a compulsory sale at a price to be agreed upon, or, upon failure of agreement, to be fixed by *judicial determination.*" 211 Ind. at 529, 199 N.E. 595 (emphasis added).

A judicial sale is "a sale made under the judgment or order of a court of competent authority by an officer legally appointed and commissioned to sell, the court being the vendor, while the officer appointed to sell is a mere ministerial agent." *McFall v. Fouts* (1966), 139 Ind.App. 597, 600, 218 N.E.2d 138, 140. The fact the amount of compensation may be established by judicial determination does not convert a taking by eminent domain into a judicial sale. "A taking by eminent domain is in effect a compulsory sale by the owners of the property to the government. It is distinguished from a judicial sale, after notice, to the highest bidder." *United States v. Certain Parcels of Land in City of San Diego, San Diego County* (1942), S.D.Cal., 44 F.Supp. 936 (citations omitted). The taking of all interests in the real estate by eminent domain was not a judicial sale. Therefore, Trust could not terminate the lease based solely upon condemnation of the real estate.

Because condemnation of all interests in the leased premises is neither a "transfer by operation of law" nor a judicial sale of the lease, Trust is not entitled to compensation for Wayne's leasehold interest. Therefore, the trial court properly granted summary judgment in favor of Wayne and against Trust.

Judgment affirmed.

CONOVER and SULLIVAN, JJ., concur.