## MILLIGAN *v.* POOLE and Others.

PARTITION.—*Jurisdiction.*—In a proceeding for partition, the court has ample power to settle the rights of the parties interested in the land; and if it has to be sold, their rights are the same in the proceeds that they were in the land; and the court has power to adjust and secure their rights, whether legal or equitable, in the proceeds of such sale.

SAME.—*Parties.*—All persons interested in the land should be made parties.

SAME.—*Liens.*—Persons holding a lien on any undivided interest, by mortgage, judgment, or otherwise, if made parties to the suit, will be bound by the partition, and limited in their claims to the share set off to the party under whom they claim.

SAME.—A. and B. owned certain real estate as tenants in common. B. sold his undivided interest to C., and gave him a bond for a deed when paid for, and put him in possession; a part of the purchase-money was paid by C. and his notes given for the balance. A. then instituted proceedings for partition, making B. and C. parties defendants, and under the proceedings the land was sold by order of court.

*Held,* that the contract of sale between B. and C. must be held to have been made with reference to the legal incidents pertaining to the land; that C., when he contracted with B. for the purchase of an undivided interest in the

land, knew that A. had the right at any time to compel partition, or in the event that a division could not be made, to have the land sold; and hence the sale of the land in the suit for partition was not a breach of the bond to convey, made by B. to C.; that after the sale B. was no longer bound to convey, and C. was no longer in a condition to demand a conveyance.

*Held,* also, that B. held the legal title only as security for the payment of the purchase-money, and he was entitled to have the residue of the purchase-money coming to him from C. paid out of the proceeds of the sale, if there was sufficient of it; if not sufficient, he had a right to retain the notes of C. as evidence of his right to collect the residue when it should become due.

APPEAL from the Parke Common Pleas.

DOWNEY, C. J.—Buchanan and Milligan owned certain real estate in equal shares, as tenants in common. Milligan sold his undivided half to Poole and Magill, gave them a bond for a deed on payment of the purchase-money, and put them in possession. They paid the first two instalments of the purchase-money. Buchanan then instituted a proceeding by petition for partition of the real estate, making Poole and Magill, as well as Milligan, defendants. Milligan filed an answer and cross bill, setting up the facts with reference to the sale of his one-half of the property to Poole and Magill, showing the amount due him on the purchase, and when payable, giving a copy of the bond executed by him to them, asking that his interests be protected by the judgment of the court, and offering to convey to the purchaser under the judgment, if the court should so order, stating also that the property could not be divided, but would have to be sold. Poole and Magill made default.

The court adjudged partition, and appointed commissioners, who subsequently reported that partition of the real estate could not be made without damage to all the owners. Thereupon the court ordered the sale of the property through the agency of a commissioner appointed for that purpose. The court also ordered that the commissioner, after paying the costs and expenses, should pay to Buchanan one-half of the proceeds, and that he pay the other one-half into court for the other parties whose rights therein were not yet set-

tled. The commissioner reported at the next term that he had sold the real estate to Buchanan, whereupon the sale was approved. Poole and Magill then appeared, and on their motion the answer and cross petition of Milligan, filed at the previous term, were stricken out. Milligan excepted by bill of exceptions setting out the rejected pleading. Poole and Magill then filed a petition setting up the particulars of the contract of purchase by them from Milligan of the one-half of the real estate; that they had paid eight hundred dollars of the price; that there remained to be paid, when due, seventeen hundred dollars, and interest on the same; that they went into possession, and had performed all their part of the contract, but Milligan had permitted the land to be sold, and had failed to protect them in the possession of said real estate, from which they had been evicted by the sale made by the order of the court as above stated; and that he had thus made it impossible for him to perform the contract which he had made with them. They offered to surrender the land, and asked a return of the amount which they had paid, and the surrender of their notes yet to become due.

They prayed an order of the court rescinding the contract of purchase, for the payment of four hundred dollars to each of them, with interest, to be paid out of the proceeds of the one-half of the property so sold, before any part thereof should go to Milligan; that Milligan surrender up their notes; that they be released from the payment of any part of the costs; and for other proper relief. They made a copy of the bond from Milligan to them part of their petition.

Milligan demurred to the petition, on the ground that it did not state facts sufficient to constitute a cause of action, or to entitle Poole and Magill to the relief prayed for. This demurrer was overruled, and Milligan excepted.

The case was then submitted to the court for trial, with a request from both parties to make a special finding. Then follows in the record what purports to be a special finding by the court, but which we cannot so regard, for it is not signed by the judge, nor incorporated in a bill of exceptions. See

*Peoria, &c., Co.* v. *Walser,* 22 Ind. 73 ; *Roberts* v. *Smith,* 34 Ind. 550.

In rendering judgment, the court took the contract price of the one-half of the property sold by Milligan to Poole and Magill, which was twenty-five hundred dollars, as a basis, and divided the purchase-money, after payment of the costs and expenses, by giving to Milligan seventeen twenty-fifths, and to Poole and Magill eight twenty-fifths thereof. The court also ordered that Milligan surrender up the notes of Poole and Magill, and that they surrender up to Milligan the bond.

Neither party was satisfied with the result; each attempted, by exception to the decision of the court, to reserve the questions of law; each moved for a new trial; each appealed to this court; and each has here assigned errors.

The evidence is not put in the record by bill of exceptions, so that we cannot review the questions of fact; and the special findings, as we have said, do not properly present any question of law.

The only questions before us, then, are those relating to the striking out of the answer and cross complaint of Milligan, and the overruling of the demurrer by him to the petition of Poole and Magill.

It will be seen at once, that the two theories of the case, entertained by the opposite parties, are widely different. Milligan contends that he was entitled to the payment of the whole amount of his purchase-money, and that he had a right to keep his hands upon the money arising from the sale of the property until he was paid; while Poole and Magill insist that the sale of the property in the partition suit, its purchase by Buchanan, and his taking possession thereof, and turning them out, put an end to the contract of purchase by them and entitled them to have the contract rescinded, to have a repayment of the amount which they had paid of the purchase-money, and interest thereon, and the surrender of their notes not yet due. They submit that, as the property has been sold, Milligan cannot possibly convey to

them, as he undertook to do by his bond, and that therefore they have the right to rescind.

The court, not adopting the views of either party, divided the money between them in proportion to the amount of the paid and the unpaid parts of the purchase-money.

Anciently joint tenants and tenants in common could not be compelled to make partition; but coparceners could be so compelled, and this is why they were so denominated; Cooley's Bl. Com. b. 2, p. 189. But partition has been provided for by statute, in England, between joint tenants and also tenants in common, since 31 Henry VIII. *Id:* p. 185, 194.

In this State, it is provided by statute that all persons holding lands as joint tenants, or tenants in common, or tenants in coparcenary, may be compelled to divide the same as provided for in the act. 2 G. & H. 361. Ample provision is made for ascertaining and settling the rights of the parties interested in the land; and if the land cannot be divided without damage to the owners, and consequently has to be sold, the court has power to adjust and secure the rights of the parties in the proceeds of such sale. And whether those rights be legal or equitable they are equally within the cognizance and protecting power of the court. *Martindale* v. *Alexander*, 26 Ind. 104; *Cradlebaugh* v. *Pritchett*, 8 Ohio St. 646.

To give validity and effect to a partition, all persons interested should be made parties to the suit. If they are not, their interests will not be affected by the proceeding, but will remain as before. Parties holding a lien on any of the undivided interests by mortgage, judgment, or otherwise, if made parties to the suit, will be bound by the partition, and limited in their claims to the share set off in severalty to the party under whom they claim. Washburn Real Prop. 585.

What, then, were the rights of the parties in this case? In the first place, we do not think that the sale of the land in the suit for partition was any breach of the terms of the bond. When the purchasers, Poole and Magill, entered into

the contract with Milligan for the purchase of an undivided half of the property, it must be held that they knew that Buchanan had the right, at any time, to compel partition of the lands, or in the event that a division could not be made, to have the property sold. Such partition or sale could no more be a breach of the terms of the bond, than it would have been a breach of the covenants in the deed if the legal, instead of an equitable, title had been conveyed. Such contracts must be regarded and treated as made with reference to the legal incidents which pertain to the subject of them.

It is contended that the sale put it out of the power of Milligan to convey. This is true; but while this is true, it is equally true that the sale made it unnecessary for him to convey. A suit for partition is an action *in rem*, and the land having been sold in conformity to a judgment in a suit to which Milligan and also Poole and Magill were parties, their interests in the land were gone. Milligan was no longer bound to convey, and Poole and Magill were no longer in a condition to demand a conveyance. The same act which put it out of the power of Milligan to convey, also deprived Poole and Magill of the right ever to demand a conveyance. It is said that Milligan should have purchased the land at the sale and thus have retained the right to convey, when the time arrived, and protected his vendees in the right to the possession. But may it not with equal propriety be said that Poole and Magill should have purchased, and thus preserved their rights as vendees and kept themselves in position to assert their rights as such?

There was, in this case, a valid contract for the sale of the real estate, the purchasers were put in possession, and had paid part of the purchase-money. The vendor held the legal title only as security for the payment of the residue of the purchase-money. His relation to the property was somewhat like that of a mortgagee. *Amory* v. *Reilly*, 9 Ind. 490.

Had the property in question consisted mainly in buildings, and had they been destroyed by fire, without any fault of the vendees, it would have furnished them no excuse for

the non-payment of the purchase-money, and the loss would have fallen on them. *Thompson* v. *Norton*, 14 Ind. 187.

We think that where land in which there is both a legal and an equitable ownership, or on which there is a lien, is sold, in a proceeding for partition, the rights of the parties interested are the same, in the proceeds, that they were in the land. *Caldwell* v. *The Bank of Salem*, 20 Ind. 294.

We think the court erred in striking out the answer and cross complaint of Milligan, and also in overruling his demurrer to the petition of Poole and Magill.

Upon the facts as they appear in the record, Milligan was entitled to be paid his claim in full out of the purchase-money, if there was sufficient of it; and if there was not, he should have been allowed to retain the notes as evidence of his right to collect the residue when it became due.

We need not notice more particularly the cross errors assigned, as they are disposed of by what we have already said.

The judgment is reversed, with costs, and the cause remanded.

*A. G. Porter, B. Harrison, W. P. Fishback,* and *Davis & Maxwell,* for appellant.

*J. Buchanan,* for appellees.