Filed Jan. 3, 1884.

---

No. 10,831.

ARNOLD v. BUTTERBAUGH ET AL.

92 403
†153 25

PARTITION.—*Liens.—Judgment.—Sheriff's Sale.*—Pending a suit for partition of lands, transcripts of justices' judgments against one of the tenants in common, who was a party, were filed in the clerk's office of the county in which the lands were situated, with the view of making such judgments liens upon his interest. Being found indivisible, the lands were sold by order of the court and the proceeds divided amongst the tenants in common. Afterwards there was a sale by the sheriff to satisfy the judgments.

*Held*, that, as against the purchaser under the partition proceedings the liens were not effective, and that the purchaser at sheriff's sale acquired no title.

From the Wabash Circuit Court.

*A. Hess* and *J. E. Guigerick*, for appellant.

*J. D. Conner* and *J. D. Conner, Jr.*, for appellees.

HAMMOND, J.—On June 12th, 1876, Catherine Swihart, widow of John Swihart, deceased, commenced an action for partition in the Wabash Circuit Court against the seven children and only heirs of said decedent. The defendants in that action were duly served with process and appeared by attorney or guardian *ad litem*. At the September term of the court in 1876, a partition of the land was ordered, and commis-

sioners were appointed for that purpose. At the following term the commissioners reported partition in favor of the widow, setting off to her in severalty one-third in value of the land. As to the residue of the land, they reported that it could not be divided without injury to the owners of it. The court thereupon directed its sale, and the division of the proceeds thereof among said children of the decedent in accordance with their respective interests in the land. A commissioner was, on September 6th, 1877, duly appointed to make the sale. He sold the real estate as follows: To the appellee Catherine Swihart seven acres; to the appellee Mary Grube fifteen acres; and to Mary M. Metzger eighty acres. These sales, on May 14th, 1879, were confirmed by the court, and deeds were executed to the purchasers, who went into possession thereunder. Subsequently Mary M. Metzger conveyed the eighty acres purchased by her to the appellee Noah Butterbaugh.

During the pendency of the partition proceedings, namely, on September 8th, 1877, and October 9th, 1877, the transcripts of three several judgments, aggregating $229.85 and costs, which had been rendered against one of the defendants in the partition action, were filed with the clerk of the Wabash Circuit Court. Executions were issued upon these transcripts, and levied, April 14th, 1882, upon the undivided one-seventh of the land sold in said partition action. Under these executions the land thus levied upon was sold at sheriff's sale to the appellant on May 6th, 1882.

This was an action by the appellees to set aside said sheriff's sale to the appellant, and to quiet the appellees' title. The complaint stated the facts substantially as they are above set out. The appellant demurred to the complaint for want of facts. His demurrer was overruled, to which ruling he excepted, and, declining to plead further, judgment was rendered for the appellees in accordance with the prayer of their complaint. The sufficiency of the appellees' complaint is the only question before us.

In actions for partition all lien-holders whose liens do not

Arnold *v.* Butterbaugh *et al.*

extend to the whole of the real estate are proper parties. *Milligan* v. *Poole*, 35 Ind. 64; *Clark* v. *Stephenson*, 73 Ind. 489; 1 Works Pr., section 159; Pomeroy Rem., sections 373, 374 and 375. If partition is made the liens follow the tracts of land to which they properly belong when set off in severalty. If the land is sold the liens are transferred to the fund which is the proceeds of the sale, and satisfied therefrom. But the rule as to making lien-holders parties applies only to persons having liens at the commencement of the action for partition. The action is an action *in rem*, and when it results in the sale of the real estate, the purchaser acquires all the right, title and interest held by the parties to the action at the time of its commencement. Where, after the action is begun, a party conveys his interest, or a lien is acquired against it, this does not affect the rights of a purchaser at a sale ordered in the partition action. Such subsequent vendee of one of the parties or lien-holder may, perhaps, by petition to the court acquire an interest in the proceeds of the sale, but the sale divests his title or lien.

In actions to foreclose mortgages it is not necessary to make parties thereto those who purchase the real estate or acquire liens thereon *pendente lite*. Jones Mort., section 1411. And the same rule, in our opinion, applies to actions for partition.

The lien of the judgments under which the appellant purchased at sheriff's sale was transferred by the partition sale to the proceeds thereof belonging to the party against whom such judgment was rendered. The appellant acquired no title by such sheriff's sale, and the court below properly overruled his demurrer to the complaint.

Judgment affirmed, at the appellant's costs.

Filed Jan. 3, 1884.