### HUFFMAN *v.* DARLING ET AL.

[No. 18,829. Filed May 23, 1899.]

PARTITION.—*Mortgage by Tenant in Common Pendente Lite.*—*Enforcement of Lien.*—A mortgage executed by a tenant in common upon his undivided interest in land pending a suit for partition thereof creates a valid lien upon his interest, which lien, upon a partition sale, is devested in favor of the purchaser, and the lien transferred to the fund arising from the sale. *pp. 24, 25.*

MORTGAGE.—*Stay of Execution a Sufficient Consideration.*—A mortgage given to stay the levy of an execution for a period of three months is for a valid consideration. *p. 25.*

From the Steuben Circuit Court. *Affirmed.*

*Cyrus Cline*, for appellant.

*J. A. Woodhull* and *N. W. Gilbert*, for appellees.

HADLEY, J.—The record discloses the following material facts: Appellant and appellees, except Rhoda Darling, were tenants in common of certain real estate in Steuben county. An action for partition was instituted in the Steuben Circuit Court on the 11th day of January, 1897, and such proceedings were had that commissioners were appointed to make partition, who reported that the land was not susceptible of division; whereupon, on the 5th day of May, 1897, S. A. Powers was appointed by the court a commissioner to sell the same. Said commissioner accomplished the sale on the 12th day of June, 1897, for $2,200, one-sixth part of which amount, less expenses, by the judgment of the court, be-

longed to appellant. On the 5th day of May, 1897, appellee Darling recovered in said court a judgment against appellant for $108, and on the 8th day of June, 1897, caused an execution to be issued upon said judgment. On the 10th day of June, 1897, the sheriff having threatened to levy said execution, appellant induced Mrs. Darling to stay proceedings thereon by the execution to her of a note and mortgage of general warranty upon her undivided interest in said lands, for the full amount of said judgment and costs; and at the time of the execution of said note and mortgage, and as a part of the same transaction, appellant executed and delivered to Mrs. Darling an order upon Powers, commissioner, directing him to pay to said appellee "$117, and interest from June 10, 1897, out of my distributive share of the money received from the sale of the real estate in the partition suit * * * and this will be your receipt for the said payment." Said order was presented to, and demand made upon, said commissioner on the 15th day of June, 1897; and in the month of August following, and before any sum had been paid upon said order or note and mortgage, appellant notified said commissioner that she revoked said order, and repudiated said note and mortgage, and demanded that he pay nothing to Darling on account of either. The commissioner reported the sale to the court, which was confirmed, and in said report he also reported the conflicting claim of appellant and appellee Darling; whereupon the court ordered that Mrs. Darling be brought into court to assert her claim under said mortgage and order. Darling appeared, and filed her answer in two paragraphs, setting up the above facts. Appellant's demurrer to these answers was overruled. Trial, and special finding of facts, and conclusions of law in favor of appellee Darling.

A number of errors are assigned but the only one discussed by appellant arises upon the second conclusion of law. It is as follows: "(2) That the defendant Darling is entitled to the payment of $122.46 out of the funds in the hands of

the commissioner for distribution, belonging to the defendant Huffman, and that such amount shall be paid out of the first money in his hands, or received by him, after the payment of the amount due to defendant Croxton, and that defendant Darling holds a lien on the fund for such amount." The insistence of appellant is: First, that appellant's (Huffman's) mortgage to Darling *pendente lite* created no lien upon the land, nor upon the assets arising from the sale thereof; second, that the order did not create an equitable assignment of any portion of the funds in the hands of the commissioner; third, there was no consideration for the mortgage or the order.

It is true that the title of a purchaser at a commissioner's sale in a partition proceeding is not affected by a mortgage executed by a cotenant after the suit is begun. The action of partition being in *rem*, if a sale results, the purchaser is protected in the status of the property as it existed at the commencement of the action, and any conveyance or lien created by one of the parties *pendente lite* will be devested in favor of the purchaser. *Arnold* v. *Butterbaugh*, 92 Ind. 403. But it does not follow from this that a cotenant cannot convey or create a lien upon his share, *pendente lite*, that will be valid against him. We perceive no reason why he should not be able to do so. The property remains his pending the litigation, in the same way and to the same extent it was his before the commencement of the suit. The title is not vested in the commissioner, as is asserted, any more than the title is vested in the sheriff pending the execution of a decree. The commissioner is only the instrument of the court in conveying the title from the owners to the purchasers. Once appointed, the commissioner may resign or be removed, and the court, upon motion, may appoint another; and the court may, under the statute (§1215 Burns 1894), appoint some one, other than the commissioner to sell, to make the conveyance to the purchaser. Even judgments rendered after the appointment of a commissioner to

sell, in a partition proceeding, become liens upon the debtor's undivided share of the land (*Arnold* v. *Butterbaugh, supra*); and what the law will do for a debtor involuntarily he may surely do for himself voluntarily. Neither a judgment nor mortgage lienor holds the land as land. He only holds the right to have the land appropriated for the payment of his debt. We conclude, therefore, that the mortgage, executed by appellant upon her undivided interest in the land, pending the suit for partition, being founded upon a sufficient consideration, created a valid lien upon her interest which was devested upon the sale in favor of the purchaser, and the lien transferred to the fund arising from the sale. *Church* v. *Church*, 3 Sandf. Ch. 475; *Loomis* v. *Riley*, 24 Ill. 307; *Cradlebaugh* v. *Pritchett*, 8 Ohio St. 646, 72 Am. Dec. 610; Freeman's Coten. & Par. §479.

There is no merit in appellant's contention that there was no consideration for the mortgage. It is admitted that appellant's indebtedness to Darling was unpaid, and is still unpaid, and that an execution upon Darling's judgment was about to be levied upon appellant's property, and that, in consideration that Darling would stay the execution and grant three months' extension for payment of the judgment, appellant would and did execute the mortgage. This was a sufficient consideration for the mortgage.

And it is insisted that Mrs. Darling did not come into court and set up her mortgage, and ask to have her lien transferred to the fund, as she should have done. The record shows that, when the commissioner reported the sale of the land to the court, she appeared and set up her claim; and it can make no difference as to her rights whether she came into court voluntarily or was brought there by the process of the court. She asserted her claim timely, and before any right was injuriously affected.

What we have said touching the mortgage makes it unnecessary for us to extend this opinion by a consideration of

the effect of the order executed by appellant to Darling. The court did not err in its second conclusion of law. The other questions are waived. Judgment affirmed.