## A. KIEFER DRUG COMPANY v. DeLay ET AL.

[No. 9,241. Filed February 15, 1917.]

1. PARTITION.—*Commissioner for Sale of Land.—Duties.—Liability on Bond.*—The duties of a commissioner appointed to make the sale of land in a partition proceeding are determined by the statutes and the orders of the court, and he is an instrument of the court primarily answerable thereto, and only becomes liable on his bond when he fails to faithfully discharge the duties of his trust. p. 642.

2. PARTITION.—*Parties.—Lienholders.—Distribution of Proceeds.*— In partition suits it is proper to make those who hold liens on undivided interests in the land parties to the action, and the court has power to protect their interests and, in case of sale, to provide for the payment or satisfaction of such liens out of funds derived from the sale of such interests to the extent that the net proceeds from the sale thereof shall be sufficient so to do. p. 642.

3. PARTITION.—*Commissioner for Sale of Land.—Duties.—Liability to Lienholder.*—A commissioner for the sale of land in partition who follows the order of sale and distributes the funds according thereto has discharged the obligation of his trust in that respect, and he is not liable to one who acquired a lien on the real estate subsequent to the order of sale and the appointment of the commissioner, unless such lienholder before the funds were distributed duly petitioned the court and obtained an order which entitled him to receive payment out of the funds derived from the sale. p. 643.

4. JUDGMENT.—*Money Judgment.—Enforcement.—Duty of Owner.* —Money judgments are not self-executing, and in the collection thereof the duty rests upon the owner of the judgment to take the necessary steps provided by law for their enforcement, and if he fails to do so he cannot place the responsibility for such failure upon others who have no legal duty resting upon them in respect thereto. p. 644.

5. PARTITION.—*Sale of Land.—Proceeds.—Distribution.—Commissioner's Bond.—Liability.*—Where, in a partition proceeding, an order is made for the sale of land and it is sold in accordance with the order, one holding a judgment against one of the parties in partition who was not himself a party and who did not file a transcript with the clerk until after the entry of the order of sale cannot recover on the commissioner's bond because the commissioner, even though notified of the judgment creditor's claim, did not pay him the amount thereof. p. 644.

6. PARTITION.—*Judgment against Party.—Presumptions.*—The mere

fact that a judgment is of record and appears unsatisfied is not conclusive evidence that it is unpaid or that there is not some valid reason why funds in the hands of the commissioner in a partition proceeding should not be applied to such a judgment against an heir to the lands sold. p. 645.

7. JUDGMENT.— *Money Judgment.— Lien.*— The lien of a money judgment is general and not specific. p. 645.

From Knox Circuit Court; *Benjamin M. Willoughby,* Judge.

Action by the A. Kiefer Drug Company against Judson DeLay and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Louis Newberger, Milton N. Simon, Lawrence B. Davis, Clarence B. Kessinger* and *Elmer F. Williams,* for appellant.

*D. Frank Culbertson* and *W. S. Hoover,* for appellee.

FELT, C. J.—This suit was brought by appellant to recover on the bond executed by appellee Judson A. DeLay, as commissioner for the sale of real estate, and appellee Corbin, his surety. The complaint was in two paragraphs, to each of which a demurrer for insufficiency of facts to state a cause of action was sustained.

Appellant duly excepted to the ruling of the court, refused to plead further and judgment was rendered against it for costs and that it take nothing by its complaint. From this judgment appellant appealed and has assigned as error the ruling on the demurrer to each paragraph of its complaint.

The complaint is long and many of the details are not essential to a determination of the questions presented. It is averred that on May 5, 1913, appellant recovered judgment against one William M. DeLay for $715 in the Sullivan Circuit Court and on May 20, 1913, filed transcripts thereof in the clerk's office in the counties of Greene and Knox; that the father of said DeLay died intestate in 1912, the owner of certain real estate in both Knox and Greene counties, leaving surviving him six children; that a suit was instituted in the Knox Circuit Court for the partition of said

real estate and, on November 18, 1912, appellee Judson A. DeLay was duly appointed commissioner to make sale of said real estate, and gave bond in the sum of $25,000 with appellee Corbin as surety thereon, which bond is made a part of the complaint as "Exhibit A"; that thereafter said real estate in Greene county, Indiana, was sold by the commissioner for $8,500 in cash and at the time of such sale the aforesaid judgment against William M. DeLay was a lien upon the real estate in Greene county and became a lien upon that part of the funds, in appellee DeLay's hands, which were derived from the sale of the interest of William M. DeLay in the real estate so sold; that said commissioner in disregard of the rights of appellant paid to said William M. DeLay his share of the proceeds and ignored the aforesaid transcript of the judgment in favor of appellant and failed and refused to pay the aforesaid judgment to appellant out of the funds aforesaid; that it was the duty of said commissioner to pay to appellant from the funds in his hands derived from the sale of the interest of said William M. DeLay in said real estate, the amount due on said judgment in its favor.    The prayer asks judgment for $1,000.

The second paragraph is the same as the first, except it contains the additional averments that while the funds were in the hands of the commissioner, appellant notified him in writing of said judgment and that it was unpaid; that when he paid the proceeds of the sale to William M. DeLay he knew that said judgement had been taken against said William M. DeLay and that it was unpaid.

The substance of appellant's memorandum and of the points and propositions presented is that the averments show that appellant's judgment was a lien on the interest of William M. DeLay in the real estate sold, at the time the sale was made by the commissioner; that the lien followed the funds and that, without further action on appellant's part other than filing the transcript of its judgment, it

became the duty of the commissioner to pay appellant's judgment out of the funds in his hands derived from the sale of that part of the real estate belonging to William M. DeLay.

The averments do not show that appellant was a party to the partition suit or that the attention of the court was in any way brought to the fact that it held a lien on the land sold, either when the order of sale was made or subsequent thereto, or that the order of the court directed payment of any of the funds derived from the sale to appellant, but the averments do clearly show that the transcript of the judgment was not filed until May 20, 1913, and that the real estate was ordered sold and the commissioner appointed in November, 1912.

When the court decides that land which is the subject of a partition suit shall be sold, the statute provided that "Such sale shall be made by a commissioner to be appointed by the court." §1258 Burns 1914, §1201 R. S. 1881. The statute further provides that "the moneys arising from such sale, after payment of just costs and expenses, shall be paid by such commissioner to the persons entitled thereto, according to their respective shares in the land sold by him "under the direction of the court," and he receives such compensation for his services as the court deems reasonable.

1. His duties are determined by the statutes of the state and the orders of the court. He is an instrument or arm of the court for the discharge of certain designated duties and is primarily answerable to the court, and only becomes liable on his bond when he fails to faithfully discharge the duties of his trust. *Huffman* v. *Darling* (1899), 153 Ind. 22, 24, 53 N. E. 939.

2. In partition suits it is proper to make those who hold liens on undivided interests in the land parties to the action, and the court has power to protect their interests and in case of sale to provide for the payment or satisfaction of such liens out of the funds derived from

the sale of such interests to the extent that the net proceeds from the sale thereof shall be sufficient so to do. *Milligan* v. *Poole* (1871), 35 Ind. 64; *Clark* v. *Stephenson* (1881), 73 Ind. 489, 490; *Arnold* v. *Butterbaugh* (1884), 92 Ind. 403, 405. In *Arnold* v. *Butterbaugh, supra,* it is said: "If partition is made the liens follow the tracts of land to which they properly belong when set off in severalty. If the land is sold the liens are transferred to the fund which is the proceeds of the sale, and satisfied therefrom. But the rule as to making lien holders parties applies only to persons having liens at the commencement of the action for partition. The action is an action *in rem,* and when it results in the sale of the real estate, the purchaser acquires all the right, title and interest held by the parties to the action at the time of its commencement. Where, after the action is begun, a party conveys his interest, or a lien is acquired against it, this does not affect the rights of a purchaser at a sale ordered in the partition action. Such subsequent vendee of one of the parties or lien holder may, perhaps, by petition to the court acquire an interest in the proceeds of the sale, but the sale divests his title or lien." In the case from which the above language is quoted a commissioner was appointed to sell the property and; subsequent thereto and before the sale, transcripts of judgments were filed which became liens on an undivided interest in the real estate sold. After the confirmation of the sale executions were issued on the judgments, and such undivided interest was sold by the sheriff. The purchaser at the commissioner's sale brought suit to set aside the sheriff's sale and to quiet his title against the purchaser at the sheriff's sale. He obtained a judgment quieting his title, which was

3. affirmed by the Supreme Court. The statement in the opinion that "the rule as to making lien holders parties applies only to persons having liens at the commencement of the action" clearly indicates that a commissioner who follows the order of sale and distributes the funds ac-

cording thereto has discharged the obligation of his trust in that respect, and is not liable to one who acquired a lien on the real estate subsequent to the order of sale and appointment of the commissioner, unless such lienholder before the funds were distributed duly petitioned the court and obtained an order which entitled him to receive payment out of the funds derived from the sale. *Huffman* v. *Darling, supra,* 25. In the case above cited the court says: ''Neither a judgment nor mortgage lienor holds the land as land. He only holds the right to have the land appropriated for the payment of his debt.''

Money judgments are not self-executing. To enforce the collection thereof the duty rests upon the owner of the judgment to take the necessary and appropriate steps provided by law for their enforcement, and if he fails so to do he cannot shift responsibility for such failure to others who have no legal duty resting upon them in respect thereto. §§716, 717, 721, 859 *et seq.* Burns 1914, §§674, 675, 679 R. S. 1881; 23 Cyc 1350; 17 Am. and Eng. Ency. Law 770.

From the foregoing we think it is clear that the court did not err in sustaining the demurrer to the first paragraph of the complaint. Since there was no legal duty imposed on the commissioner to institute proceedings to apply funds in his hands to the payment of appellant's judgment, a mere notice of the existence of such judgment and that it was unpaid would not be sufficient to charge the commissioner with legal responsibility for failure to so apply the funds in his hands. He might very well have set up the facts in his report to the court. If this had been done and the proper parties had been duly joined thereon and the court had made an order in respect thereto, it would have served the same purpose as a petition by appellant followed by an order of the court. *Huffman* v. *Darling, supra.*

To place the responsibility on the commissioner, in such

instances, of ascertaining the existence of liens placed upon the real estate subsequent to his appointment and to require him to assume responsibility for the discharge thereof would lead to many complications and require him to keep his information fresh up to the very time of the sale. Furthermore the mere fact that a judgment is of record and appears unsatisfied is not conclusive evidence that it is

6. appears unsatisfied is not conclusive evidence that it is unpaid or that the owner of the real estate does not have some valid reason why the funds in the hands of the commissioner should not be applied to its payment. 23 Cyc 1402, 1404, 1405. We therefore conclude that the court did not err in sustaining the demurrer to the second paragraph of the complaint. Other questions are sug-

7. gested by the pleadings though not presented by the briefs. It is a well-known fact that the lien of an ordinary money-judgment is general and not specific. 23 Cyc 1350.

Query—waiving the point of the lack of a legal duty on the part of the commissioner to pay appellant the amount of its judgment, whether the allegations are sufficient on the question of appellant's damages and its right to receive payment out of the particular fund in the commissioner's hands? *King* v. *Easton* (1893), 135 Ind. 353, 35 N. E. 181.

The trial court did not err in its rulings. Judgment affirmed.

NOTE.—Reported in 114 N. E. 35. Duties and powers of commissioners in partition proceedings, 41 Am. St. 146, 147. See under (2, 3) 30 Cyc 294; (4, 6) 23 Cyc 1351, 1352.