## BROWN *v.* OWEN ET AL.

[No. 13,035. Filed November 15, 1928.]

*John H. Kiplinger,* for appellant.
*William J. Henley* and *Donald L. Smith,* for appellees.

NICHOLS, C. J.—Action by appellant against appellees to have a certain judgment in favor of appellant, and against Millikan Owen, declared a lien upon certain respective tracts of real estate purchased respectively by appellee Owen and by appellees Reiger and Reiger.

It is averred in the complaint that on May 8, 1924, appellant recovered judgment in the Decatur Circuit Court against said Millikan Owen in the sum of $692.12 and costs, with interest. Thereafter, appellant caused a transcript of such judgment, duly certified, to be recorded in the clerk's office of the Rush Circuit Court, and entered on the judgment docket in the clerk's office of said Rush Circuit Court, and that said judgment is due and unpaid. At said time, Millikan Owen was the owner of one-fortieth interest of certain real estate in

Rush county, and of one-tenth interest in certain other real estate in said county, the remaining portion of said real estate being owned by ten. other parties including appellee Owen. Thereafter, an action in partition for the partition of both of said tracts was instituted by appellee Owen and others, but appellant was not made a party defendant in such action of partition, and he was never a party thereto. Such proceedings were had in said action as that, on October 31, 1924, both tracts of said real estate were ordered sold by a commissioner appointed by the court who, pursuant to the court's order, sold the first-mentioned tract to appellee Owen on December 9, 1924, and the second-mentioned tract to appellee Reiger on September 8, 1925. Both sales were duly confirmed by the court, deeds were executed, and the same now appear on record in the respective names of the purchasers thereof, appellees herein. Such real estate was not ordered sold by the commissioner free from liens, the decree being silent upon that subject. Appellees respectively, at the time of the purchase of said tracts of land, knew that appellant had a recorded judgment against said Millikan Owen and against said real estate. Appellant at no time attempted to conceal the fact that he held such judgment, and appellees and each of them could have, by the exercise of ordinary diligence, ascertained that such judgment was of record prior to the time of their purchase. The commissioner did not represent or warrant at the time of sale that the real estate was free from liens, nor did appellant make such representations, and the respective purchasers, appellees herein, purchased said real estate with full notice and knowledge of such judgment and lien. Appellant avers that said lien is still a valid and existing lien on said real estate superior to any claim of appellees or either of them. Appellees, by reason of their purchase, are claiming to hold said real estate free from the lien of appellant's

judgment, but appellant avers that the same should be sold for the purpose of discharging his judgment lien. Prayer accordingly. Appellees filed their respective demurrers to said complaint for want of facts, with their memoranda thereto.

Appellees Reiger filed their cross-complaint, in which they averred that they were the owners in fee simple of the real estate so purchased by them, and that appellant is claiming an interest therein adverse to their title. They aver substantially the same facts as are averred in the complaint, but aver that the partition suit was commenced September 22, 1924, and that all of the owners of said land and all holders of liens thereon were made parties to said action, further averring that appellant's judgment was not transcripted to the Rush Circuit Court and filed until October 17, 1924, as appears by appellant's complaint, then averring that said judgment is not a lien on said real estate and is a cloud upon their title. A similar cross-complaint was filed by appellee Owen. To each of these cross-complaints, appellant filed an answer setting up substantially the same facts as are averred in the complaint. Appellees respectively filed their demurrers to each of these answers, presenting by their memoranda thereto that the court will take judicial knowledge of the time of filing pleadings in its court, and that it is nowhere averred in said respective answers that the judgment upon which it is based was a lien upon the real estate involved at or prior to the time that the complaint in partition was filed. The demurrers to the complaint and the respective demurrers to the answers to the cross-complaints were each sustained, and appellant refusing to plead over, but electing to stand by his complaint, and by his respective answers to the cross-complaints, judgment was rendered in favor of the respective appellees quieting their respective titles to the land so purchased by them respectively. From this

judgment, this appeal is prosecuted, appellant presenting as error the respective rulings of the court on the demurrers.

It is to be observed that, in the complaint, and in each of the answers, after averring that a transcript of appellant's judgment was filed in the clerk's office of the Rush Circuit Court on October 17, 1924, it was then averred "that thereafter an action in partition for all of said real estate was instituted by Marion Owen, cross-complainant herein," and others. Had appellee filed a motion to make these pleadings more specific by setting out the date when such partition suit was commenced, it should have been sustained. But no such motion was filed, and we are confronted with a complaint and with answers to the cross-complaint with averments that make them good against demurrer, for it is clear that if, as averred, the judgment involved was of record in the clerk's office of the Rush Circuit Court before the partition suit was commenced, then the complaint and the answers to the cross-complaints, so averring, were good, and the demurrers should each and all have been overruled. If, as the writer surmises, the judgment was not of record in the Rush Circuit Court when the partition suit was commenced, it is unfortunate for appellees that appellant's pleadings were not required so to show, for we must rule on them as they come to us.

Appellant cites a number of authorities to sustain his contention that the judgment was a lien on Owen's interest in the real estate, and that the parties to the suit for partition, and the purchasers of the respective tracts of land were bound to take notice thereof. Under said averments of the complaint and answers to the cross-complaint, the authorities are in point, for, in each of the cases cited, the judgment was a lien at the time of the commencement of the partition

suit. Had the judgment not been a lien at the time of the commencement of the partition suit, as appears by appellee's cross-complaints, a different rule would control. In the case of *Arnold* v. *Butterbaugh* (1884), 92 Ind. 403, the court states the rule to be that: "In actions for partition all lien-holders whose liens do not extend to the whole of the real estate are proper parties. *Milligan* v. *People*, 35 Ind. 64; *Clark* v. *Stephenson*, 73 Ind. 489; 1 Works Pr., section 159; Pomeroy Rem., sections 373, 374 and 375. If partition is made the liens follow the tracts of land to which they properly belong when set off in severalty. If the land is sold the liens are transferred to the fund which is the proceeds of the sale, and satisfied therefrom." But the same authority, continuing, states that: "The rule as to making lien-holders parties applies only to persons having liens at the commencement of the action for partition. The action is an action *in rem*, and when it results in the sale of the real estate, the purchaser acquires all the right, title and interest held by the parties to the action at the time of its commencement. Where, after the action is begun, a party conveys his interest, or a lien is acquired against it, this does not affect the right of a purchaser at a sale ordered in the partition action. Such subsequent vendee of one of the parties or lien-holders may, perhaps, by petition to the court acquire an interest in the proceeds of the sale, but the sale divests his title or lien." It is true that, in that case, the liens involved were not acquired until after the decree for partition had been rendered, but the court is clear in its statement that, after the action is begun, a lien which is acquired against the real estate, the partition of which is sought, does not affect the rights of a purchaser at a sale ordered in the partition action. In *Huffman* v. *Darling* (1899), 153 Ind. 22, 53 N. E. 939, the court, citing with approval the Arnold case, stated

the rule to be that, "the purchaser is protected in the *status* of the property as it existed at the commencement of the action, and any conveyance or lien created by one of the parties *pendente lite* will be divested in favor of the purchaser." To the same effect see *Kiefer Drug Co.* v. *DeLay* (1917), 63 Ind. App. 639, 114 N. E. 35.

As it seems to us there is good reason for the rule as announced in the foregoing cases. While it should be incumbent upon parties contemplating a partition suit to examine the records for the purpose of determining the *status* of the property as to liens and conveyances before the time of the commencement of their action, such parties and purchasers at the partition sale should not thereafter be required vigilantly to watch the records for the purpose of discovering, at their peril, as to whether liens have been subsequently acquired, but it should be left to the subsequent lienholder to pursue his remedy by petitioning the court to transfer such lien as he may have to the funds in the hands of the commissioner. Failing so to do, he may not thereafter assert his lien as against the purchaser at the partition sale.

Because of the averments in the complaint and in the answers to the cross-complaints that the partition suit was commenced after the judgment was recorded in the Rush Circuit Court, the respective demurrers to these pleadings should have been overruled.

Judgment reversed.