McClure *v.* Raber et al.

[No. 15,927. Filed March 20, 1939.]

*Cook & Bailey,* for appellant.

*Eichhorn, Gordon & Edris,* and *Lesh & Lesh,* for appellees.

LAYMON, J.—This is an action instituted by appellee Eva I. Raber, on the 27th day of February, 1936, for the partition of certain land in Wells County, Indiana. Appellant and appellee Charles E. Paul, Receiver of the Markle State Bank, were made defendants thereto.

The complaint, which was in one paragraph, alleged that appellee Raber was the owner of an undivided one-third interest and that appellant was the owner of an undivided two-thirds interest in the real estate therein described; that appellant's interest was subject to a mortgage lien in favor of the appellee bank; and that said real estate was not divisible and could not be set off in severalty without damage to the owners. The complaint asked that appellee Raber and appellant be adjudged the owners of said real estate in the proportions as set forth and that, because of the indivisibility of said real estate, the court order the entire tract sold and

appoint a commissioner to make said sale and distribute the proceeds derived therefrom among the parties as their interests might appear. Appellant unsuccessfully demurred to this complaint for want of facts and thereafter filed an answer in two paragraphs. Appellant also filed a cross-complaint to quiet title. Appellee bank answered the complaint in general denial and also filed a cross-complaint setting up its mortgage lien on the undivided two-thirds of the real estate owned by appellant and asking for personal judgment against appellant and a transfer of the lien of its mortgage to the proceeds of the sale of appellant's interest in said real estate. Appellant unsuccessfully demurred to this cross-complaint and thereafter filed his answer in general denial. An answer in general denial was also filed to the appellant's cross-complaint to quiet title. There were other pleadings filed, but they are not material.

There was a trial by the court, and, upon proper request, the court made a special finding of facts and stated its conclusions of law thereon, upon which judgment was rendered. The court adjudged and decreed that appellee Raber is the owner in fee simple of an undivided one-third interest and that appellant is the owner in fee simple of an undivided two-thirds interest in the real estate in question; that said real estate is indivisible; that the undivided two-thirds interest of appellant is encumbered by a mortgage lien in favor of the appellee bank, upon which there remains due and unpaid the sum of $6,267.67, together with interest; and that said mortgage lien be transferred from the undivided two-thirds interest of appellant in said real estate to the proceeds derived from the sale of appellant's undivided two-thirds interest. The court appointed a commissioner and made provision for the terms and conditions under which said real estate should be sold by said commissioner.

In due time appellant filed a motion for a new trial,

which was overruled, and this appeal followed. Appellant has assigned as errors in this court the action of the trial court in overruling his demurrer to the complaint, in overruling his demurrer to the cross-complaint of appellee bank, in overruling his motion for a new trial, and error in each of the conclusions of law. The facts were stipulated by the parties and are not in dispute. They are: That Madella D. McClure died intestate on November 22, 1925, the owner in fee simple of 80 acres of land in Wells County; that she left surviving as her only heirs at law her husband, Joseph R. McClure, her son, Leslie F. McClure (appellant), and her daughter, Eva I. Raber (appellee); that by descent each became the owner of an undivided one-third interest in said real estate; that on November 18, 1930, Joseph R. McClure and appellant executed a mortgage on their undivided interests in said real estate to the appellee bank to secure the payment of certain notes; that on February 27, 1935, Joseph McClure, by deed of conveyance, conveyed his undivided one-third interest in said real estate to appellant; that said real estate is indivisible; and that the mortgage of appellee bank is a valid lien on appellant's undivided two-thirds interest in said real estate, there remaining due and unpaid of the debt secured by said mortgage the sum of $6,267.67, with interest.

It is conceded that the only question for determination in this appeal is whether or not an owner of an undivided interest in real estate, who mortgages his undivided interest, is entitled to possession for one year and the right of redemption from sale of the real estate as incidents of the mortgage, as against the right of a cotenant to compel partition and sale of the entire tract of land in a partition proceedings.

Appellant contends that by ordering the entire tract of land in question sold and transferring the lien of appellee bank's mortgage to the proceeds of the sale he

was deprived of the statutory right of redemption from the sale of his real estate and the statutory right to the possession, and rents and profits thereof, for one year after such sale; that the statutory right of redemption and the right of possession of said real estate for one year inure to him by virtue of the mortgage debt and lien on his undivided two-thirds interest in said real estate and cannot be defeated by a partition proceedings, should the court find that the land sought to be partitioned is indivisible and order the entire tract sold and the lien of the mortgage transferred to the proceeds derived from the sale.

The statutes under which appellant asserts the right of redemption and the right of possession are sections 1, 2, and 3 of chapter 88 of the Acts of 1881 (Spec. Sess.), §§2-3909, 2-3919, and 2-4001 Burns 1933, §§622, 623, and 624 Baldwin's 1934.

Our statute governing the partition of real estate, section 3-2401 et seq. Burns 1933, §1106 et seq. Baldwin's 1934, provides in part:

"Any person holding lands as joint tenant or tenant-in-common, whether in his own right or as executor or trustee, may compel partition thereof in the manner provided in this act."

The statute further provides:

"But if, upon trial of any issue, or upon default, or by confession or consent of parties, it shall appear that the land of which partition is demanded can not be divided without damage to the owners, then, and in that case, the court in its discretion may order the whole or any such part of the premises to be sold, as provided for in section eighteen of this act."

At the death of their mother, appellant and appellee Raber, and their father, Joseph R. McClure, became the owners as tenants-in-common of the real estate sought to be partitioned, each owning an undivided one-third

interest, and, as tenants-in-common, they each knew that any one of them could compel partition of the real estate, by virtue of the statute, at any time and that should a partition proceedings be instituted and it appear to the court that the land of which partition was demanded could not be divided without damage to the owners, then the court might, in its discretion, order the whole or any part of the premises sold. Such right in appellee Raber to partition and to compel sale existed on the 18th day of November, 1930, when appellant and his father executed their mortgage to the appellee bank upon their undivided two-thirds interest in said real estate.

Appellant and his father, as cotenants, could not impair or hinder the right of another cotenant to compel partition by encumbering their undivided interests in ■ said real estate by the execution of a mortgage; nor could they, by so doing, claim any rights incident to such mortgage superior to the right of a cotenant to a partition of the real estate in which he has an interest. Whatever rights appellant had to the possession and redemption of the land in question as incidents to the mortgage were subject and inferior to the right of appellee Raber to compel partition of the land and, in the event of its indivisibility, then to a sale of the entire tract free of all liens.

The reason for the rule is that by statute the right to a division is one of the incidents of the cotenancy, together with the right to a sale of the whole ■ tract of land in the event that said land is indivisible.

As was said by our Supreme Court in the case of *Haggerty* v. *Wagner* (1897), 148 Ind. 625, 640, 48 N. E. 366:

"A liability to be divested by a partition sale is an incident which the law affixes to all estates of cotenants, and the inchoate right of the wife of such

cotenant is subject to this incident, unless it is superior to and independent of the husband's title, and that would hardly be contended for by anyone."

In the case of *Barry* v. *Baker* (1906), 29 Ky. L. Rep. 573, 576, 93 S. W. 1061, 93 A. L .R. 1274, the court said:

"When a person takes a lien upon an undivided interest in land, he must receive it with a knowledge and understanding that his lien will follow and remain upon the particular interest wherever placed in the division; otherwise, it would operate as a detriment and disadvantage to those who did not mortgage their interests; they could not have their interests allotted free from liens without the consent of the mortgagees."

Whoever takes an encumbrance upon the undivided interest of a cotenant must take it subject to the right of the others to have such partition. See *Hall* v. *Morris* (1877), 13 Bush. (Ky). 322; *Wright* v. *Vickers* (1876), 81 Pa. 122. See also, *Milligan* v. *Poole* (1871), 35 Ind. 64, pp. 68 and 69.

In support of his contention, appellant, in his brief, and his counsel, in oral argument, have cited recent decisions of our Supreme Court. These decisions are not applicable here and are of no aid to appellant for the reason that each involved a proceeding to foreclose a mortgage. Here there was no attempt to foreclose the mortgage. There was no issue before the trial court involving the foreclosure of a mortgage. There was no judgment foreclosing the mortgage. Appellee bank sought by its cross-complaint to have its mortgage lien transferred to the funds from the sale of the undivided interest.

It was proper to make appellee bank a party to the partition proceedings. "To give validity and effect to a partition, all persons interested should be made parties to the suit. If they are not, their interests will not be affected by the proceeding, but will remain as before. Parties holding a lien on any of

the undivided interests by mortgage, judgment, or otherwise, if made parties to the suit, will be bound by the partition, and limited in their claims to the share set off in severalty to the party under whom they claim." *Milligan* v. *Poole, supra,* p. 68; see *Clark* v. *Stephenson* (1881), 73 Ind. 489; *Schissel* v. *Dickson* (1891), 129 Ind. 139, 28 N. E. 540; *Kiefer Drug Co.* v. *DeLay* (1917), 63 Ind. App. 639, 115 N. E. 71; *Hosanna* v. *Odishoo* (1935), 208 Ind. 132, 193 N. E. 226, 599.

In the case of *Schissel* v. *Dickson, supra,* p. 149, the court said:

> "In a suit for partition of land in this state, all persons holding liens or claims upon it are proper parties, and the court has power to hear and adjust all the equities between them; and when the property is not divisible, to order a sale and distribution of the proceeds according to the rights of the several parties, and a party holding either a legal or an equitable title may institute the proceedings."

Appellant further contends that the mortgagee has but one remedy to divest the owner of his equity of redemption, viz., to file his complaint to foreclose his mortgage, obtain a decree of foreclosure, and an order of sale; that since the statute provided a procedure for the foreclosure of a mortgage, appellee bank would have to resort to such remedy to the exclusion of all others. This contention cannot be sustained in view of what we have heretofore held. Under the facts as here presented the mortgage lien was subject to the liability of being divested by a partition sale. Such liability is an incident which the law affixes to a state of cotenancy.

We conclude that when appellant and his father executed the mortgage on their undivided two-thirds interest in the real estate, the rights of the mortgagors, or either of them, were subject to the rights of appellee,

under and by virtue of our statute governing partition of real estate.

Finding no reversible error, the judgment of the trial court is in all things affirmed.

DeVoss, J., not participating.